UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) UNITED STATES' SUPPLEMENTAL ) RESPONSE TO DEFENDANTS' ) MOTIONS TO STRIKE |
| 3.   J. ALEXANDER KUENG, and 4.   THOMAS KIERNAN LANE, | ) SURPLUSAGE ) ) |
| Defendants. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, and responds to supplemental memoranda of law in support of the motions to strike surplusage filed by the defendants J. Alexander Kueng and Thomas Kiernan Lane.  *See* ECF Nos. 70, 87, 88, 89, 122 and 124.

## I. Introduction

The defendants are charged with federal civil rights violations stemming from the death of George Floyd in police custody on May 25, 2020. Defendant Derek Chauvin is charged with deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2, for willfully depriving George Floyd of the right to be free from defendant Chauvin's use of unreasonable force, resulting in bodily injury and death (Count 1). Defendants Tou Thao and J. Alexander Kueng are separately charged with violating § 242 for willfully

failing to intervene to stop defendant Chauvin's use of unreasonable force, resulting in Mr. Floyd's bodily injury and death (Count 2). All four defendants are also charged with violating § 242 by willfully failing to aid George Floyd, thereby acting with deliberate indifference to a substantial risk of harm to Mr. Floyd, and resulting in his bodily injury and death (Count 3).

Defendants Kueng and Lane filed motions to strike surplusage from the Indictment. Specifically, they moved to remove references to the month and year they began working as MPD officers. *See* ECF Nos. 70, 87, 88, 89 (referencing the Indictment, ECF No. 1 ¶¶ 3, 4). Following the September 14, 2021 hearing on those motions, the Court ordered the parties to submit additional briefing.

## II. Argument

The defendants have not met the standard set by the Eighth Circuit for striking surplusage from Indictments; they have not shown the sentences they move to strike "are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). As set forth in the United States' pre-hearing responses to the motions, the language in the Indictment defendants seek to strike is accurate, relevant, and not prejudicial. *See* ECF No. 108 at 21-24.

While defendant Kueng has already acknowledged that the language setting forth the officers' dates of employment is "technically accurate," *see* ECF No. 87 at 1, defendant Lane persists in his argument that it is inaccurate, *see* ECF No. 122 at 1, despite the weight of the evidence in the record. Indeed, during the hearing on September 14, 2021, the United

States referenced employment records from the Minneapolis Police Department summarizing each former officer's rank history, which are attached here. *See* Gov't Exs. A, B. Exhibits A and B show that defendants Kueng and Lane began in the role of "Police Recruit" on August 14, 2019, and as "Police Officer" on December 10, 2019. Defendant Lane's argument that "he was a recruit only" before the four shifts leading up to the events in this case is, therefore, itself inaccurate. *See* ECF No. 122 at 1.

The United States intends to prove at trial that defendants Kueng and Lane were sworn officers as of December 2019, and thereafter carried service weapons and went on numerous calls for service during the first several months of 2020. *See United States v. Lov-It Creamery*, 704 F. Supp. 1532, 1550-51 (E.D. Wis. 1989) ("if the language in the Indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be") (citing *United States v. Climatemp, Inc.*, 482 F. Supp. 376, 391 (N.D. Ill. 1979), *aff'd*, 705 F.2d 461 (7th Cir.1983)). As noted in the United States' pre-hearing briefing, the challenged statements in the Indictment are relevant because the United States will be required to prove at trial that the defendants acted willfully—that is, that they intentionally deprived Mr. Floyd of his constitutional rights. *See United States v. Harrison*, 671 F.2d 1159, 1161-62 (8th Cir. 1982). Their experience as police officers between December 2019 and May 2020 is therefore relevant and not at all prejudicial. Regardless of the language in the Indictment, the defense will be able to make arguments regarding the length of that employment and how it relates to the former officers' experience and willfulness.

### III. Conclusion

WHEREFORE, the United States respectfully asks this Honorable Court to enter an Order denying defendants' motions to strike surplusage.

Dated: October 26, 2021

Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

/s/ W. Anders Folk
BY: W. ANDERS FOLK
Acting U.S. Attorney
Attorney ID No. 0311388

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

/s/ Samantha Trepel
BY: SAMANTHA TREPEL
Special Litigation Counsel
Attorney ID No. 992377 DC