## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

Case No. 21-cr-108 (2-4) (PAM/TNL)

Plaintiff,

v.

**ORDER DENYING SEVERANCE**

Tou Thao (2),
J. Alexander Kueng (3), and
Thomas Kiernan Lane (4),

Defendants.

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Samantha Trepel, Department of Justice – Civil Rights Division, 150 M Street NE, Washington, DC 20530 (for the Government);

Robert M. Paule, Robert M. Paule, PA, 920 Second Avenue South, Suite 975, Minneapolis, MN 55402; and Natalie R. Paule, Paule Law PLLC, 5100 West 36th Street, P.O. Box 16589, Minneapolis MN 55416 (for Defendant Tou Thao);

Thomas C. Plunkett, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101 (for Defendant J. Alexander Kueng); and

Earl P. Gray, Earl Gray Defense, 332 Minnesota Street, Suite W 1610, St. Paul, MN (for Defendant Thomas Kiernan Lane).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Tou Thao's Motion for Severance (ECF No. 78) and Defendants J. Alexander Kueng and Thomas Kiernan Lane's Pretrial Motion for Severance of Derek Chauvin

1

(Defendant 1) (ECF No. 69).[1]  A hearing was held via Zoom videoconferencing technology on September 14, 2021.[2]  (ECF No. 115.)  Assistant United States Attorneys Manda Sertich and Samantha Trepel appeared on behalf of the United States of America (the "Government").  Attorneys Robert M. Paule and Natalie R. Paule appeared on behalf of Defendant Tou Thao.  Attorney Thomas C. Plunkett appeared on behalf of Defendant J. Alexander Kueng.  Attorney Earl P. Gray appeared on behalf of Defendant Thomas Kiernan Lane.

The Court requested further briefing on these motions.  (Tr. 5-8, ECF No. 118.[3])  Post-hearing briefing is now complete, and the motions are ripe for determination by the Court.[4]

---

[1] By way of separate order, the Court is granting Lane's motion to join Kueng's motion.

[2] Defendants previously consented to the motions hearing being conducted by videoconferencing.  (ECF No. 45 (Lane); ECF No. 47 (Thao); ECF Nos. 49, 54, 61 (Kueng).)  Defendants also consented to the proceedings being held by way of videoconferencing on the record during the hearing.

[3] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due September 23, 2021, and no such notice was filed.  (ECF No. 118.)

[4] At the hearing, the parties noted that they believed a ruling on these motions was premature because the record had not yet been sufficiently developed on the issue of severance.  (*See, e.g.*, Tr. 61:10-14 ("[F]irst, I will note as referenced by Mr. Paule that the defendants agreed that the motions they filed here were premature because the record was insufficiently developed as to why a severance from Mr. Chauvin was appropriate."); *see also* Tr. 63:20-25; Thao's Meet and Confer Notice (ECF No. 102) and Kueng's Am. Meet and Confer Notice (ECF No. 104) (noting that while the Government opposed the motions, the parties agreed that a decision on severance is premature).)  Notwithstanding this agreement, Defendants filed these motions to sever as pretrial motions pursuant to Federal Rule of Criminal Procedure 12(b) and D. Minn. LR 12.1(c)(1)(A).  The Court, following the customary practice in this District, issues this Order Denying Severance on the motions to sever along with other orders on the nondispositive motions heard at the pretrial motions hearing.  (*See* Tr. 64:1-4.)

## II. DISCUSSION

Thao, Kueng, and Lane move to sever their trials from Defendant Chauvin's[5] pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The Government opposes severance.

### A. Proper Joinder

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). In contrast to Minnesota state jurisprudence where joinder of defendants is relatively rare,[6] the Federal Rules of Criminal Procedure are "liberally construed in favor of joinder" and joinder of defendants in the federal system commonly occurs. *See United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *Darden*, 70 F.3d at 1526.

In general, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (citation omitted); *see United States v. Voss*, 787 F.2d 393, 401 (8th Cir. 1986) ("[P]ersons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts."); *United States v.*

---

[5] During the hearing, counsel for Thao suggested that Thao may also wish to sever his trial from Kueng and Lane's. (*See* Tr. 58:21-60:9.) The motion presently before the Court, however, only requests severance of Chauvin from his trial. (ECF No. 78 at 1; *see also* Thao's Mem. in Supp., ECF No. 125.)

[6] In the Minnesota state criminal system, joint trials do occur from time to time when defendants agree to do so or do not object.

3

*Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) ("Where codefendants are charged with the same crimes . . . and the crimes of the codefendants will be proved by the same evidence, joint trials are generally favored."). "Trying codefendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (quoting *Darden*, 70 F.3d at 1528).

Pursuant to Rule 8, an indictment

> may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Here, the Government alleges that Chauvin, Thao, Kueng, and Lane "participated in a series of acts and omissions under color of law during an event that took place over less than 30 minutes on May 25, 2020," which resulted in the deprivation of George Floyd's constitutional rights. (Gov't's Consol. Resp. at 16, ECF No 108.) In Count 1 of the Indictment, Chauvin is charged with deprivation of rights under color of law for willfully depriving Floyd of the right to be free from the use of unreasonable force, resulting in Floyd's bodily injury and death, in violation of 18 U.S.C. §§ 242 and 2. (Indictment at 2, ECF No. 1.) In Count 2 of the Indictment, Thao and Kueng are charged separately under § 242 for failing to intervene to stop Chauvin's use of unreasonable force, resulting in Floyd's bodily injury and death. (*Id.* at 2-3.) In Count 3 of the Indictment, all four Defendants are charged with violating § 242 by willfully failing to aid Floyd when he

was "in clear need of medical care," thereby acting with deliberate indifference to a substantial risk of harm to Floyd and resulting in his bodily injury and death. (*Id.* at 3-4.)

Although Chauvin, Thao, Kueng, and Lane do not all face the same charges, there is a significant amount of overlap and interplay between the charges. In order for the Government to prove Thao and Kueng guilty of willfully failing to intervene to *stop* Chauvin's use of unreasonable force, an element of Count 2, it will need to prove Chauvin *used* unreasonable force, an element of Count 1. (*See* Gov't's Suppl. Resp. at 7, ECF No. 126.) Further, all four Defendants are charged with the same violation of § 242 in Count 3 of the Indictment.

Additionally, the Government will be using essentially the same substantive evidence against each of the Defendants at trial. (Gov't's Consol. Resp. at 16; Gov't's Suppl. Resp. at 4.) The events in this case occurred during a short temporal period on a single day in a single location, with witnesses and much of the evidence captured on graphic video recordings showing the actions and inactions of all four Defendants in connection with the death of Floyd. The Court finds joinder is proper in this case under Rule 8.

### B. Prejudice

Although Rule 8 permits joinder, "a trial court may order separate trials on different counts, or sever certain defendants' cases from others', to protect defendants' fair-trial rights." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) (citing Fed. R. Crim. P. 14(a); *Darden*, 70 F.3d at 1527). Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent

5

the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Where multiple defendants have been charged in the same indictment, "there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice." *Hively*, 437 F.3d at 765 (citing *Zafiro* 506 U.S. at 537 ); *see also United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) ("[T]here is a strong presumption against severing properly joined counts."); *United States v. Voigt*, No. 13-cr-35 (2) (PJS/SER), 2015 WL 6872455, at *1 (D. Minn. Nov. 9, 2015) ("In the federal system, there is a preference for joint trials of defendants who are indicted together.") (citation omitted). "[T]here is no requirement in a joint trial that the quantum of evidence of each defendant's culpability be equal." *United States v. Flores*, 362 F.3d 1030, 1042 (8th Cir. 2004) (quotation omitted).

"Consequently, [Thao, Kueng, and Lane] carr[y] a heavy burden in demonstrating that severance is mandated." *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). A defendant seeking severance must show that a joint trial would cause "real prejudice." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004); *see United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("necessary prejudice must be severe or compelling") (quotation omitted). This is "something more than the mere fact that [a defendant] would have had a better chance for acquittal had he been tried separately." *Mickelson*, 378 F.3d at 818 (quotation omitted); *see also Hively*, 437 F.3d at 765 ("Severance is never warranted simply because the evidence against one defendant is more damaging than against another."). "To demonstrate this prejudice, 'a defendant must show that his defense was irreconcilable with that of the codefendant or that the jury [is] unable

6

to compartmentalize the evidence.'" *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)).  The Court must further balance "the inconvenience and expense of separate trials against the prejudice resulting from a joint trial." *Pherigo*, 327 F.3d at 693; *see also Hively*, 437 F.3d at 765 (where multiple defendants have been charged in the same indictment, "there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice").  "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro*, 506 U.S. at 541.

### 1. Rule 404(b) Evidence

Thao and Kueng make opposing arguments regarding the possible admission at trial of evidence of any prior use of unreasonable force by Chauvin under Federal Rule of Evidence 404(b).  (Thao's Mem. in Supp. at 5; Kueng's Mem. in Supp. at 2, ECF No. 123.)  Thao argues he will be prejudiced if this evidence is admitted because "the jury may wrongly assume that a police officer's partner is privy to such information and acted in accordance with it" even if the jury is given a limiting instruction that such evidence can only be considered against Chauvin.  (Thao's Mem. in Supp. at 5.)  Kueng, conversely, supports the admission of this evidence.  Kueng argues that, in the event the Government does not introduce such evidence at trial, he will seek to do so.  (Kueng's Mem. in Supp. at 2.)  According to Kueng, "[i]f the Court were to prohibit the jury from hearing evidence

of the prior arrests because it is unfairly prejudicial to Chauvin, then Kueng's right to a fair trial would be compromised."[7]  (*Id.*)

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others."  *United States v. Mallett*, 751 F.3d 907, 917 (8th Cir. 2014) (internal quotation marks and citations omitted).  The Eighth Circuit has found that the admission of evidence against a single defendant in a multi-defendant trial does not require severance when a proper jury instruction is given.  *See United States v. Ali*, 799 F.3d 1008, 1024 (8th Cir. 2015).  At this stage of the proceedings, the requested severance is based upon the hypothetical and largely, if not entirely, speculative impact of evidentiary rulings not yet made in this case.  Any potential prejudice resulting from the possible admission or exclusion at trial of any prior use of unreasonable force by Chauvin is simply too attenuated at this juncture to warrant severance, particularly when less drastic measures, such as limiting instructions, can be employed.  *See infra* Section II.C.  Unless and until Thao and Kueng's concerns related to Rule 404(b) evidence materialize and their justifications for severance are more fully developed, the mere potential for Rule 404(b) evidence does not warrant severance when all applicable legal standards support joinder of these four Defendants in a unitary trial.

### 2.  Conflicting Defenses

Kueng also argues that a conflict between his defense and Chauvin's defense warrants severance.  (Kueng's Mem. in Supp. at 3.)  He states that at trial, he intends to

---

[7] It is not entirely clear whether Kueng is also arguing that if the Government *does* seek to introduce the evidence, it will prejudice *him*.  (*See* Kueng's Mem. in Supp. at 2.)  Nevertheless, the Court does not find the potential introduction of this evidence at trial sufficiently prejudicial to warrant severing Chauvin from Kueng's trial.

assert he was less culpable than Chauvin but argues that a jury will be unable to appreciate this distinction and will "conclude [he] is guilty based solely on Chauvin's conduct." (*Id.*; *see* Tr. 62:5-25 (arguing it is likely Kueng and Lane will assert they were less culpable as rookie officers who deferred to Chauvin and these defenses are antagonistic with Chauvin's defense).)

On its face, this argument seems more akin to a compartmentalization argument, which the Court discusses *infra*. To the extent Kueng argues that he and Chauvin have antagonistic defenses requiring severance, the Court is unpersuaded. *See United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989) ("The mere existence of generally antagonistic defenses does not necessitate a severance.") "Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict *alone* demonstrates that both are guilty." *Anderson*, 783 F.3d at 743 (emphasis added) (internal quotation omitted); *accord United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) ("Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that *this conflict alone demonstrates that both are guilty*.") (quotation omitted). It is impossible for the Court to predict exactly how Chauvin or Kueng will ultimately defend himself at trial. Furthermore, the best plans Chauvin and Kueng may now lay could well change in the future as the trial date is set and even as the trial unfolds. There is no basis for the Court to conclude presently that Chauvin and Kueng will assert *irreconcilable* defenses such that their trials must be severed. *See Anderson*, 783 F.3d at 743 (defining irreconcilable defense as one where "the jury, to believe the core of one defense, must necessarily disbelieve the core of another").

9

### 3. Compartmentalization

As discussed *supra*, Kueng argues that a jury will be unable to compartmentalize evidence against Chauvin, whom he argues is the most culpable.  (Kueng's Mem. in Supp. at 3.)  Thao and Lane's compartmentalization arguments, which are also advanced by Kueng, center on Chauvin's conviction in state court of the murder of Floyd and the prejudicial effect of having Chauvin in the courtroom for a joint trial.  (Thao's Mem. in Supp. at 2-5; Kueng's Mem. in Supp. at 3-4; Lane's Mem. in Supp. at 1, ECF No. 121.)

"Prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial spillover effect.'"  *Hively*, 437 F.3d at 765 (quoting *Mickelson*, 378 F.3d at 817).  This requires a defendant to make "a specific showing that a jury could not reasonably be expected to compartmentalize the evidence."  *Id.*  (citations omitted); *see also United States v. Sotelo-Valdovinos*, No. 14-cr-289 (11) (SRN/JSM), 2015 WL 2454048, at *4 (D. Minn. May 22, 2015) ("[A] defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial.") (internal quotation omitted).

Thao, Kueng, and Lane argue that the overwhelming amount of publicity surrounding Chauvin's state-court trial and conviction would unfairly prejudice each of them.  Thao argues that, "[b]y having Mr. Chauvin in the same trial as Mr. Thao, the Government has essentially already proved the element of cause of death to a federal jury before opening statements" because Chauvin's state-court trial and conviction received extensive media and public attention.  (Thao's Mem. in Supp. at 3.)  He also asserts that

jurors would be more willing to "understand and more reasonably follow an instruction from this Court to ignore information outside the evidence presented at trial" if Chauvin is severed. (*Id.* at 4.) Kueng similarly argues that "[t]he worldwide publicity of Chauvin's conviction in state court prevents the jury from making a reliable judgement of guilt or innocence if [he] were to be tried with Chauvin." (Kueng's Mem. in Supp. at 3.) Lane further adds that, given the worldwide attention on the state proceedings, "if [Chauvin] is not severed from [his] case the jury will know that a convicted murderer involving the same facts as [Chauvin's] State Court case is sitting at the defense table close to [him]." (Lane's Mem. in Supp. at 1.) Thao and Lane also argue that the United States Marshal's presence in the courtroom will remind jurors of Chauvin's state-court conviction and thus prejudice them at trial. (Thao's Mem. in Supp. at 3; Lane's Mem. in Supp. at 1.)

There can be no doubt that the death of Floyd, as well as Chauvin's state-court trial and conviction, received worldwide media coverage and attracted substantial public attention. But, at this stage of the proceedings, Thao, Kueng, and Lane have not met their burden to show that a joint trial with Chauvin will infringe upon their right to a fair trial or result in a clear likelihood of prejudice. "[T]he knowledge potential federal jurors bring with them about the state trial and . . . Chauvin's conviction will be the same whether Chauvin is seated next to [Thao, Kueng, and Lane] or tried separately." (Gov't's Supp. Mem. at 6-7.) And, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540; *see also Mickelson*, 378 F.3d at 817-18. Moreover, the presence of security will be evident regardless of whether Chauvin is severed from Thao, Kueng and Lane.

11

Nor will severance alter the evidence to be presented at trial, much of which includes

Chauvin's actions.  As the Government points out:

> Even if the court severed defendant Chauvin from his co-
> defendants, proof of Count 2 of the indictment, which alleges
> that defendants Thao and Kueng violated Mr. Floyd's
> constitutional rights by willfully failing to intervene to stop
> Chauvin's use of unreasonable force, would require the United
> States to prove that Chauvin used unreasonable force.  Thus,
> the United States would offer the same evidence against Thao
> and Kueng to prove Count 2 as would be admitted against
> Chauvin to prove Count 1.  In other words, even if Chauvin
> were not sitting at the defense table with his co-defendants, the
> same evidence would be admitted, and his role in violating Mr.
> Floyd's constitutional rights would remain at issue.

(Gov't's Suppl. Mem. at 7.)  Additionally, even though Lane is not charged with Count 2,

*all* Defendants are charged with Count 3, which requires the Government to prove their

actions and/or inactions caused bodily harm to and the death of Floyd.  Much of the

evidence presented, including witnesses, will be the same regardless of whether Chauvin

is at the defense table or not.  There will also be video evidence presented at trial that will

show the alleged acts and/or omissions of the Defendants with respect to Floyd.  Those

videos will show what Chauvin did or did not do, whether he is tried jointly with the others

or not. Chauvin's presence or absence will have little if any substantive impact given the

discrete unities of time, place, actors, and actions involved; the nature of the charges; the

relationship of those charges to one another; and the evidence to be presented.

Moreover, "[j]oint trials generally serve the interests of justice by avoiding

inconsistent verdicts and enabling more accurate assessment of relative culpability—

advantages which sometimes operate to the defendant's benefit." *Richardson v. Marsh*,

481 U.S. 200, 210 (1987).  A joint trial will give the jury the best perspective of each Defendant's culpability or lack thereof.  *Cf. United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) ("As a practical matter, disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction.").  While Thao, Kueng, and Lane argue they will be prejudiced by Chauvin's presence, "[i]t is at least equally likely that if all four defendants are seated together at the defense table, the jury will be able to form a more accurate assessment of the relative culpability of each," which could benefit Thao, Kueng, and Lane.  (Gov't Suppl. Resp. at 7 (citing *Richardson*, 481 U.S. at 210).)  To the extent any of the Defendants seek to "distinguish his role from that of his co-defendants, his counsel will have a full and fair opportunity to present his case, cross-examine witnesses at trial, and request limiting instructions." *Sotelo-Valdovinos*, 2015 WL 245448, at *4.

### 4. Denial Without Prejudice

Even though severance is not appropriate at this time, developments may occur as this case moves closer to trial and even as the parties' strategies unfold during trial that may justify severance.  The district court, within its sound discretion, can provide that remedy if appropriate under the circumstances at that time should it occur in the future.  Thus, the denial of severance is without prejudice.

Yet, even if Thao, Kueng, and/or Lane were to show prejudice in the future, the remedy would not necessarily be severance.  As stated by the Supreme Court in *Zafiro*,

"Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  506 U.S. at 538-39.  The Eighth Circuit has repeatedly held that "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."  *Mickelson*, 378 F.3d at 818; *see, e.g.*, *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) ("The risk of prejudice in a joint trial is best addressed by jury instructions . . . ."); *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) ("Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury . . . ."); *Delpit*, 94 F.3d at 1144 ("The Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions like those given by the District Court in this case."); *see also United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003) (affirming denial of motion to sever based on use of limiting instructions where jury heard evidence of co-defendant's prior criminal record, greater involvement in charged offense, prior participation in similar conduct, and threat to co-conspirator).

## C.  Conclusion

Unlike the Minnesota state criminal system where joinder of defendants is relatively rare, the federal criminal system favors joinder and joint trials commonly occur.  Joinder of Chauvin, Thao, Kueng, and Lane is appropriate in this federal case given the significant overlap and interplay of the charges against them.  Also, the Government will be using essentially the same substantive evidence against each of the Defendants at trial.  There will be witnesses.  A number, if not a majority, of these same witnesses will be called to

testify regardless of whether Chauvin is tried jointly with Thao, Kueng and Lane.  The events at issue occurred during a short temporal period on a single day in a single location. In addition to the discrete unities of time and place, there can be no genuine dispute that all four Defendants were at the scene of the events giving rise to this case.  Along with the witnesses, there are graphic videos.  The ineluctable visible modality of the videos will show the presence of Chauvin with Thao, Kueng, and Lane at that discrete time and place, and their actions and/or inactions, in connection with Floyd's death.  Chauvin's presence and actions and omissions will be known to the jury whether he is tried with Thao, Kueng, and Lane or not.

In contrast to the reasons supporting joinder of all four Defendants in this case, Thao, Kueng, and Lane have not shown that severance is required.  They have not established a clear likelihood of real prejudice.  *See Hively*, 437 F.3d at 765.  They speculate, but have not shown, that their defenses will be irreconcilable or that the jury will be unable to compartmentalize the evidence, much of which will be the same whether Chauvin is jointly tried with them or not.  Further, Thao, Kueng and Lane have not persuasively explained that even if prejudice were to arise at trial, why such prejudice could not be cured by carefully crafted jury instructions.  And, a joint trial could assist the jurors by giving them the best perspective on all of the evidence, allowing them to assess relative culpability, and ultimately reach a just verdict based on the truth.  *See Richardson*, 481 U.S. at 201; *Pherigo*, 327 at 693.  Finally, while efficiency and practicality can never diminish in any way the constitutional and other legal rights of the Defendants to a fair trial

and the search for the truth, multiple trials would be inefficient and present repeated security concerns that could reverberate beyond the firm foundations of the courthouse.

Based on the foregoing, the Court will deny Thao, Kueng, and Lane's motions for severance without prejudice.

### III. ORDER

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Tou Thao's Motion for Severance (ECF No. 78) is **DENIED WITHOUT PREJUDICE**.

2. Defendants J. Alexander Kueng and Thomas Kiernan Lane's Pretrial Motion for Severance of Derek Chauvin (Defendant 1) (ECF No. 69) is **DENIED WITHOUT PREJUDICE**.


Date: November  29 , 2021                    *s/Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *United States v. Thao*
                                             *United States v. Kueng*
                                             *United States v. Lane*
                                             Case No. 21-cr-108 (2)-(4) (PAM/TNL)