**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

J. Alexander Kueng (3), and
Thomas Kiernan Lane (4),

Defendants.

Case No. 21-cr-108 (PAM/TNL)

**ORDER DENYING MOTIONS TO STRIKE SURPLUSAGE**

---

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Samantha Trepel, Department of Justice – Civil Rights Division, 150 M Street NE, Washington, DC 20530 (for the Government);

Thomas C. Plunkett, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101 (for Defendant J. Alexander Kueng); and

Earl P. Gray, Earl Gray Defense, 332 Minnesota Street, Suite W 1610, St. Paul, MN (for Defendant Thomas Kiernan Lane).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants J. Alexander Kueng and Thomas Kiernan Lane's Motions to Strike Surplusage. (ECF Nos. 70, 88.) A hearing was held via Zoom videoconferencing technology on September 14, 2021.[1] (ECF No. 115.) Assistant United States Attorneys Manda Sertich

[1] Defendants previously consented to the motions hearing being conducted by videoconferencing. (ECF No. 45 (Lane); ECF Nos. 49, 54, 61 (Kueng).) Defendants also consented to the proceedings being held by way of videoconferencing on the record during the hearing.

and Samantha Trepel appeared on behalf of the United States of America (the "Government"). Attorney Thomas C. Plunkett appeared on behalf of Defendant J. Alexander Kueng. Attorney Earl P. Gray appeared on behalf of Defendant Thomas Kiernan Lane. The Court requested further briefing on these motions. (Tr. 76:2-5, ECF No. 118.[2]) Post-hearing briefing is now complete, and these motions are ripe for determination by the Court.

## II. DISCUSSION

Defendants Kueng and Lane (collectively "Defendants") move to strike allegedly prejudicial and misleading surplusage from paragraphs 3 and 4 of the Indictment (ECF No. 1) pursuant to Federal Rule of Criminal Procedure 7(d). Paragraph 3 of the Indictment states, "Defendant J. Alexander Kueng was employed as a Minneapolis Police Department officer. He began working as an MPD officer in December 2019." (Indictment at 1.) Paragraph 4 of the Indictment similarly states, "Defendant Thomas Lane was employed as a Minneapolis Police Department officer. He began working as an MPD officer in December 2019." (*Id.*)

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 7(d) states a court may strike surplusage from an indictment upon a defendant's motion. Rule 7(d) provides "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may,

[2] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due September 23, 2021, and no such notice was filed. (ECF No. 118.)

however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption.

"A motion to strike surplusage from an indictment is a matter within the court's discretion." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). The Eighth Circuit has stated that a motion to strike surplusage "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *Id.* (citing *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)); *see also United States v. Augustine Med., Inc.*, No. 03-cr-321(1-8) (ADM/AJB), 2004 WL 502183, at *4 (D. Minn. Mar. 11, 2004) ("Motions to strike surplusage are not lightly granted and require the defendant to meet a significant burden of proof.") (citing *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995); *United States v. Chaverra-Cordona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987)).

Defendants argue that the allegations they began working as police officers in December 2019 are at best misleading. According to Defendants, referring to them as police officers as of December 2019 imparts a certain degree of experience upon them that they had not yet obtained as of that date. Defendants therefore argue that this language is prejudicial and should be stricken as surplusage.[3] (Lane's Mot. at 1, ECF No. 88; Kueng's Suppl. Mem. at 2, ECF No. 124; Lane's Mem. in Supp. at 1, ECF No. 89; Kueng's Suppl.

[3] Kueng had previously requested striking the entire paragraph from the Indictment. (*See* Kueng's Mot. at 1, ECF No. 70; Kueng's Mem. in Supp. at 2, ECF No. 87.) He has modified his request to striking only the second sentence of the paragraph, acknowledging that the Government "is required to prove that Kueng was acting under color of law." (Kueng's Suppl. Mem. at 1.)

Mem. at 2.) In addition, Defendants argue that the language is unnecessary to prove the charges alleged. (Kueng's Suppl. Mem. at 1; Lane's Suppl. Mem. at 1; Tr. 45:20-22.)

The Court will deny these motions. First, the allegations in question do not appear to be false. Notwithstanding their arguments, Defendants themselves appear to acknowledge—albeit with qualification and careful language—that they became police officers in December 2019. (*See* Tr. 50:14-19 ("[Lane] did take the oath in 2019. However, he was not . . . making decisions on his own until four days before the incident on May 25. So he was sworn in as a police officer maybe, but he wasn't a police officer until four shifts as of May 25th."); 52:24 (arguing that Kueng was a police officer "[o]nly in a very technical sense" in December 2019).) Employment records likewise indicate Defendants were "Police Recruits" from August until December 2019, when they were promoted to the role of "Police Officer." (Gov't's Exs. A & B, ECF Nos. 127-1 & 127-2; *see also* Tr. 47:4-11.) Thus, on this record, these allegations are not false. Nor is the language inflammatory.

To be clear, the onus will be on the Government at trial to prove Defendants' status as police officers in 2019. The Government has made clear its intention to do so. (*See, e.g.*, Gov't's Consol. Resp. at 23; Gov't's Suppl. Resp. at 3, ECF No. 127.) This brings the Court to its second point: when Defendants began working as police officers is relevant to the charges against them. So long as the language is relevant, it cannot be stricken as surplusage. *See United States v. Lov-It Creamery, Inc.*, 704 F. Supp. 1532, 1551 (E.D. Wis. 1989) ("[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how

prejudicial it may be (provided, of course, it is legally relevant).") (citation omitted); *United States v. Rehak*, No. 08-cr-72 (PJS/SRN), 2008 WL 2828886, at *8 (D. Minn. July 21, 2008) ("As long as the Government's evidence at trial parallels the factual allegations, the surplusage is not inflammatory or prejudicial.") (citing *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990)).

The Indictment charges Kueng with two counts and Lane with one count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. (Indictment at 2-4.) These charges require the Government to prove that Defendants were acting under color of law, which the Government intends to do through their employment as police officers. The Government is also required to prove Defendants acted willfully in depriving George Floyd of his constitutional rights in order to secure a conviction. *See United States v. Harrison*, 671 F.2d 1159, 1161 (8th Cir. 1982). Defendants' employment status is similarly relevant to the Government's theory that Defendants acted willfully, i.e., Defendants "intentionally committed the constitutional violations alleged in the Indictment knowing that a *reasonable officer* would not have engaged in the constitutional violations." (Gov't's Consol. Resp. at 23-24 (emphasis added).)

In sum, the Court concludes that (a) the allegations are not false and the language is not inflammatory; (b) the allegations are relevant to the counts charged; and (c) any potential prejudice by the inclusion of this language is outweighed by the allegations' relevance. *See United States v. Griffin*, No. 15-cr-150 (DWF/FLN), 2016 WL 912180, at *4 (D. Minn. Mar. 7, 2016). Importantly, the inclusion of this language in the Indictment will not prevent Defendants from challenging evidence introduced by the Government at

trial regarding their status as police officers as of a particular date. Nor will it impede Defendants from making arguments regarding the depth of their experience and/or the existence of any conditions of employment that may bear on the issue of willfulness. Further, if Defendants continue to believe that the inclusion of this language in the Indictment would improperly prejudice the jury, the trial court "may consider a later pretrial motion in limine by [Defendants] related to the issue of how the Court should present the information in the indictment to the jury." *United States v. Mathis*, No. 18-cr-18(1) (DWF/LIB), 2018 WL 4473529, at *15 (D. Minn. July 17, 2018) (citing *Griffin*, 2016 WL 912180, at *4), *report and recommendation adopted*, 2018 WL 4062741 (D. Minn. Aug. 27, 2018); *see also United States v. Thompson*, No. 19-cr-203 (NEB/BRT), 2019 WL 5617576, at *1 (D. Minn. Oct. 31, 2019) (denying motion without prejudice after finding language relevant to the charges asserted in the indictment but ruling that denial did not preclude defendant from filing motions in limine).

## III. ORDER

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant J. Alexander Kueng's Motion to Strike Surplusage (ECF No. 70) is **DENIED WITHOUT PREJUDICE**.

2. Defendant Thomas Kiernan Lane's Motion to Strike Surplusage (ECF No. 88) is **DENIED WITHOUT PREJUDICE**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: November 29, 2021

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Kueng*
*United States v. Lane*
Case No. 21-cr-108 (3)-(4) (PAM/TNL)