UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>2.  TOU THAO,<br>3.  J. ALEXANDER KUENG, and<br>4.  THOMAS KIERNAN LANE,<br><br>        Defendants. | MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INVITING JURY NULLIFICATION |

COMES NOW the United States of America, by and through its undersigned attorneys, and respectfully moves to preclude the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect.

**I. Background**

The defendants are charged with federal violations of 18 U.S.C. § 242 stemming from the death of George Floyd in police custody on May 25, 2020. Defendants Tou Thao and J. Alexander Kueng are charged with acting under color of law to willfully deprive Mr. Floyd of the right, secured by the United States Constitution, to be free from the unreasonable force of a police officer, by failing to intervene to stop former officer Derek Chauvin's use of unreasonable force, resulting in Mr. Floyd's bodily injury and death. Defendants Thao, Kueng, and Thomas Lane are also charged with acting under color of law to willfully deprive Mr. Floyd of the right, secured by the United States Constitution, to be free from a police officer's deliberate indifference to his serious medical needs, resulting in Mr. Floyd's bodily injury and death.

## II. <u>Argument</u>

The United States moves to preclude the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect. Such evidence and arguments are irrelevant, improper, and highly prejudicial. *See United States v. Mayer*, No. 19-cr-0096-WMW/HB, 2021 WL 2434121, at *5 (D. Minn. June 15, 2021) (citing cases). While the United States does not anticipate any explicit attempts to invite jury nullification, certain lines of argument and evidence may also have that effect and should be prohibited. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming district court's refusal to admit evidence bearing no legal relation to the charges but that might invite a "'conscience verdict'" of acquittal, and noting that nullification "undermines the very basis of our system"), *supplemented by* 536 F.2d 410 (D.C. Cir. 1976); *see also United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (explaining that "the power of juries to 'nullify'" is "by no means a right or something that a judge should encourage or permit if it is within his authority to prevent").

Specifically, the defendants should be precluded from arguing that they should not be held accountable for the charged crimes because: (1) the culture at the Minneapolis Police Department (MPD) makes them somehow less responsible for their own acts or omissions, and (2) because other MPD officers have not been held accountable for similar acts or omissions in the past. These arguments suggest to the jury that it should acquit notwithstanding the defendants' own failure to intervene and deliberate indifference. These arguments, and evidence in support of these arguments, make no fact at issue more or less probable, and would instead invite the jury to ignore the evidence before it and the

2

law, as instructed by the Court, by placing the MPD (or specific MPD officers who have been accused of no crime) on trial. *See, e.g.*, *United States v. Rushin*, 844 F.3d 933, 940-42 (11th Cir. 2016) (affirming the district court's exclusion of evidence of poor working conditions and unrelated acts of inmate violence at a prison in a prosecution of corrections officers for retaliatory inmate beatings, reasoning that such evidence "would encourage nullification" by suggesting to the jury "that due to the harsh conditions at [the prison], defendants were justified in beating handcuffed prisoners"); *United States v. Abdush-Shakur*, 465 F.3d 458, 466-67 (10th Cir. 2006) (affirming the district court's exclusion of a prison culture expert's testimony on prison conditions and culture because the testimony was "irrelevant to any material issue in the case," where an inmate was charged with assaulting a corrections officer, as it did not excuse the inmate's assault or negate any element of the charged crime).

### III. Conclusion

WHEREFORE, the United States respectfully seeks an *in limine* order precluding the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect.

Dated:   December 30, 2021                          Respectfully submitted,

CHARLES J. KOVATS, JR.                              KRISTEN CLARKE
Acting United States Attorney                       Assistant Attorney General

*/s/ Manda M. Sertich*                              */s/ Samantha Trepel*
BY:  MANDA M. SERTICH                               BY:  SAMANTHA TREPEL
Assistant U.S. Attorney                             Special Litigation Counsel
Attorney ID No. 4289039 NY                          Attorney ID No. 992377 DC