UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) JOINT MOTION FOR ATTORNEY- |
| v. | ) CONDUCTED VOIR DIRE |
| | ) |
| 2. TOU THAO, | ) |
| 3. J. ALEXANDER KUENG, and | ) |
| 4. THOMAS KIERNAN LANE, | ) |
| | ) |
| Defendants. | |

COMES NOW the United States of America, and Defendants Thao, Kueng, and Lane, by and through their undersigned counsel (together "the parties"), and respectfully request that the Court permit brief attorney-conducted voir dire. Such voir dire would allow for narrow and crucial follow-up on some potential jurors' jury questionnaire responses and is necessary for the selection of a fair and impartial jury.

**I. Background**

The defendants are charged with federal violations of 18 U.S.C. § 242 stemming from the death of George Floyd in police custody on May 25, 2020. Defendants Tou Thao and J. Alexander Kueng are charged with acting under color of law to willfully deprive Mr. Floyd of the right, secured by the United States Constitution, to be free from the unreasonable force of a police officer, by failing to intervene to stop former officer Derek Chauvin's use of unreasonable force, resulting in Mr. Floyd's bodily injury and death. Defendants Thao, Kueng, and Thomas Lane are also charged with acting under color of law to willfully deprive Mr. Floyd of the right, secured by the United States Constitution,

to be free from a police officer's deliberate indifference to his serious medical needs, resulting in Mr. Floyd's bodily injury and death. Former defendant Derek Chauvin pleaded guilty to violating § 242 by willfully depriving Mr. Floyd of the right to be free from Chauvin's use of unreasonable force.

## II. Request for Attorney-Conducted Voir Dire

"*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991). To serve that end, district courts have broad discretion to control the nature and extent of the examination of potential jurors. Fed. R. Crim. P. 24. Based in part on jury questionnaire responses reviewed thus far, the parties request permission for attorneys for each side to ask limited follow-up questions to prospective jurors whose responses suggest that their views, beliefs, or life experiences regarding case-specific issues may interfere with their ability to be fair and impartial. *Cf. Jordan v. Lippman*, 763 F.2d 1265, 1274-76 (11th Cir. 1985) (collecting cases and emphasizing that "where there [i]s extensive pre-trial publicity and potential jurors ha[ve] been exposed to such publicity, a more individualized inquiry into prejudice ha[s] to be undertaken"; in such circumstances, cursory voir dire questioning is not sufficient because a "juror is poorly placed to make a determination as to his own impartiality").

As the Court has already noted, the events at issue in this case have generated a high degree of public attention. Given this context, identifying the deeply-held beliefs of prospective jurors is necessary for meaningful jury selection, and brief follow-up questions during oral voir dire are necessary to achieve that objective. The parties recognize that

potential jurors will also need to be asked whether they have learned anything about the case after submitting their jury questionnaires, in part to determine, without tainting the jury pool as a whole, a potential juror's ability to be fair and impartial notwithstanding Derek Chauvin's guilty plea in the case. *Cf. Patton v. Yount*, 467 U.S. 1025, 1030-33 (1984) (relying heavily on "thorough" voir dire testimony in holding that "the trial court did not commit manifest error in finding that the jury as a whole was impartial" in case with extensive pre-trial publicity).

### III.  Conclusion

WHEREFORE, the parties respectfully ask this Honorable Court to permit brief attorney-conducted voir dire.

Dated: January 3, 2022                             Respectfully submitted,

CHARLES J. KOVATS, JR.                             KRISTEN CLARKE
Acting United States Attorney                      Assistant Attorney General
                                                   Civil Rights Division

*/s/   LeeAnn Bell*                                */s/ Samantha Trepel*
BY:   LeeAnn K. Bell                               BY:   Samantha Trepel
Assistant United States Attorney                   Special Litigation Counsel
Attorney No. 0318334                               Attorney No. 992377 DC


*/s/   Robert Paule*                               */s/   Thomas Plunkett*
Robert M. Paule                                    Thomas C. Plunkett
Attorney for Tou Thao                              Attorney for J. Alexander Kueng
Attorney No. 203877                                Attorney No. 0260162


*/s/   Earl Gray*
Earl P. Gray
Attorney for Thomas Kiernan Lane
Attorney No. 37072