UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S PROPOSED** |
| | ) **SUPPLEMENTAL VOIR DIRE** |
| 2.  TOU THAO, | ) |
| 3.  J. ALEXANDER KUENG, and | ) |
| 4.  THOMAS KIERNAN LANE, | ) |
| Defendants. | ) |

The United States of America, by and through its undersigned attorneys, respectfully requests the following proposed supplemental voir dire questions. The government proposes the following questions be asked of potential jurors in three phases as follows:

**A.    Phase 1: Background Questions[1]**

    1.    What is your name?

    2.    What is your juror number?

    3.    With regard to sex or gender, how do you identify (male, female, non-binary, etcetera)?

    4.    With regard to race and/or ethnicity, how do you identify?

    5.    Where did you grow up?

---

[1] The government proposes each juror be handed this set of questions, in place of the standard card typically used, to be answered orally, one-by-one, in the venire.

6. Are you employed? If so, where do you work? In a few words, please explain your position or job.

7. Are you married, or do you have a significant other or partner?

8. If so, is your spouse, significant other, or partner employed?

   a. If so, where is that individual employed? In a few words, please explain that individual's position or job.

9. Do you have any children? If so, what are their ages?

10. Please name one example of a favorite hobby or pastime you have with your family or friends and explain what about it you enjoy?

11. How would you describe your general process when making an important life decision?

12. Please answer the following questions to a hypothetical scenario:

    a. To complete an assignment, you are placed in a group of ten individuals. How would you describe your role in such a group? What would you expect of your fellow group members?

    b. In the same group, someone argues with you. How do you respond? What steps do you take, if any, to resolve the situation?

13. Do you now hold, or have you ever held a supervisory role? If so, how did you resolve disputes between employees, or between yourself and another employee?

B. **Phase 2: Group Questions**[2]

14. Does anyone have difficulty reading or understanding the English language?

---

[2] The government proposes the Court ask the venire the following general questions, to be answered by a raised hand. The government requests the Court follow-up with jurors who raise their hand.

15. Are you acquainted with any of the following individuals, which include the parties, attorneys, potential witnesses, and courtroom staff[3]:

16. Do you know any of the other prospective jurors?

    a. If so, how?

17. Are you acquainted with any other individual whom you have seen or come into contact with since reporting for jury duty today?

    a. If so, how?

18. The trial in this case may last weeks, or even longer. The jury will generally sit five (5) days per week, potentially from 9:00am to 5:00pm, during that time. Mere inconvenience or the usual financial hardship of jury service will be insufficient to excuse a prospective juror. Does anyone wish to apply to the Court to be excused on the ground that jury service would be a **serious** hardship? If so, the Court will note your hand and speak with you separately.

19. Is there any matter you wish to discuss privately with the Judge? If so, the Court will note your hand and speak with you separately.

C. **Phase 3: Case Specific**

Since the jurors' original questionnaire responses have been received, news related to this case, including about Derek M. Chauvin's guilty plea, has been made public. Additional inquiry is necessary to determine the extent such material may impact an individual juror's fairness and impartiality. Because certain answers to the following questions could taint the venire, the government requests that jurors be questioned

---

[3] The government recommends having each potential juror review a document prepared by the parties, and reviewed by the Court, which contains a list of names in the mentioned categories. If any juror circles one or more individuals, the government requests the Court follow up with the prospective juror about (1) how they know the individual(s); (2) the last time they spoke with the individual(s); (3) whether they have spoken with the individual(s) regarding this case; and (4) whether, knowing that the individual(s) are somehow involved in the matter before the Court, they can be fair and impartial.

separately. This would also allow the Court to freely follow up without fear of further taint. The government has no objection should the Court wish to review COVID questions outside the parties' presence.

20. Since your original responses, has your COVID vaccination or COVID-19 booster status changed in any way? If so, how?

21. Since your original responses, have you contracted COVID-19? If so, about when (what month) did you contract it? If you know, what COVID-19 strain did you contract?

22. Is there anything related to the COVID-19 pandemic that would make jury service an undue hardship for you or anyone in your household? If so, please explain.

23. Since summoned for jury duty, have you spoken with anyone about your potential jury service for this case?

24. If selected as a juror in this case, will you apply each and every law as given by the Court, regardless of whether you agree or disagree with it?

25. Has your information and/or response to any question changed since you completed the original jury questionnaires? If so, please detail any and all information and/or responses that have since changed.

26. Is there anything in your life or work that would prevent you from giving this case your full attention for the duration of trial? If so, please explain.

27. Since your original responses, have you read or seen anything in the news, media, and social media related to this case?

    a. If so, please explain?

    b. Additionally, has anything you may have since read or seen in the news, media, or social media influenced your views as it relates to this case, the government, law enforcement, or these defendants?

28. You may have some amount of prior knowledge or impression of events and people involved in this case. I am instructing you that you must decide this case only on the evidence you receive in court and the law as provided to you

by the judge, and not on any information you have received previously. Can you do that?

29. Is there anything else the attorneys or the Court might want to know about you when considering you as a juror in this case? If so, please explain.

Dated: January 6, 2022                                          Respectfully submitted,

CHARLES J. KOVATS, JR.                          KRISTEN CLARKE
Acting United States Attorney                    Assistant Attorney General
                                                 Civil Rights Division

*/s/ LeeAnn K. Bell*                             */s/ Samantha Trepel*
BY: LeeAnn K. Bell                               BY: Samantha Trepel
Assistant United States Attorney                 Special Litigation Counsel
Attorney No.: 0318334                            Attorney No.: 992377 DC

5