UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) REPLY IN SUPPORT OF MOTION IN ) LIMINE TO PRECLUDE ) DEFENDANTS FROM INVITING |
| 2.  TOU THAO, | ) JURY NULLIFICATION |
| 3.  J. ALEXANDER KUENG, and | ) |
| 4.  THOMAS KIERNAN LANE, | ) ) |
| Defendants. | |

COMES NOW the United States of America, by and through its undersigned attorneys, and respectfully submits this reply in support of its motion to preclude the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect.   ECF No. 149.

Defendant Kueng argues that evidence about MPD culture or other past use of force complaints is relevant to determining "whether an officer's actions were reasonable." ECF No. 187 at 2.  However, neither the "culture" of a police department nor past uses of force are relevant to determining whether an officer's actions were reasonable or unreasonable under the Fourth Amendment.  The use of a department's culture to determine objective reasonableness under the Fourth Amendment would subordinate the constitutional standard to a particular department's "culture" and "past practices."  *See, e.g.*, *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1994) (noting that "police department guidelines do not create a constitutional right"); *United States v. Brown*, 934 F.3d 1278,

1296 (11th Cir. 2019) ("We reject the proposition that we can ever substitute a police department's standards on the use of force for the constitutional standard. . . ."). Instead, reasonableness is an objective inquiry as to "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, *without regard to their underlying intent or motivation*." *Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009) (internal quotation marks omitted); *see also Cole*, 993 F.2d at 1333 (emphasizing that defendant-officer's "subjective intent as to the lawfulness of his conduct is irrelevant" to the question of whether his "actions [were] 'objectively reasonable'").

Defendant Thao objects to any order barring his defense from bringing in evidence of MPD culture or past force complaints, which he argues are "relevant to the issues at hand" and go to the truthfulness and bias of government witnesses. ECF No. 191, at 2. The government does not object to the use of past force complaints where they constitute relevant and proper impeachment of witnesses. As discussed above and in the government's initial motion, ECF No. 149, the government objects to the admission of evidence of "MPD culture" and past incidents to establish reasonableness because it is not relevant and instead serves only to invite the jury to acquit notwithstanding the defendants' own failure to intervene and deliberate indifference.

### III. Conclusion

WHEREFORE, the United States respectfully seeks an *in limine* order precluding the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect.

Dated: January 11, 2022                             Respectfully submitted,

| | |
|---|---|
| CHARLES J. KOVATS, JR.<br>Acting United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Manda M. Sertich*<br>BY:   MANDA M. SERTICH<br>Assistant U.S. Attorney<br>Attorney ID No. 4289039 NY | */s/ Samantha Trepel*<br>BY:   SAMANTHA TREPEL<br>Special Litigation Counsel<br>Attorney ID No. 992377 DC |

3