UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>2.   TOU THAO, )<br>3.   J. ALEXANDER KUENG, and )<br>4.   THOMAS KIERNAN LANE, )<br>)<br>Defendants. ) | **GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXHIBITS** |

COMES NOW the United States of America, by and through its undersigned attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota; Manda M. Sertich, Assistant U.S. Attorney; and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, and moves to exclude three categories of proposed defense exhibits.

First, the government moves to exclude photographs and a video clip of defendant Lane volunteering and receiving an award for doing so, and photographs of defendant Kueng spending time with family, volunteering, and kissing a puppy, because such evidence is not relevant to a pertinent character trait, as required by Federal Rule of Evidence 404(a); does not take the form of opinion or reputation testimony, as required by Rule 405; is not proper habit evidence under Rule 406; and any probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, as the proposed exhibits are a transparent bid for jury nullification.

Second, the government moves to exclude defendants Thao and Kueng's positive performance reviews, because such evidence is not relevant to a pertinent character trait as required by Rule 404(a); does not take the form of opinion or reputation testimony, as required by Rule 405; is not proper habit evidence under Rule 406; and any probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, as the proposed exhibits are yet another attempt at jury nullification.

Third, the government moves to exclude defendant Kueng's proposed exhibit of an anonymous survey about MPD's field training program as inadmissible hearsay and irrelevant.

## I. Introduction

In May 2021, a federal grand jury returned an Indictment charging Derek Chauvin, Tou Thao, J. Alexander Kueng, and Thomas Kiernan Lane, all former police officers at the Minneapolis Police Department ("MPD"), with violations of 18 U.S.C. § 242. Count One charged defendant Chauvin with acting under color of law to willfully deprive George Floyd of the right, secured by the United States Constitution, to be free from the unreasonable force of a police officer.[1] Count Two charges defendants Thao and Kueng with acting under color of law to willfully deprive George Floyd of the right, secured by the United States Constitution, to be free from the unreasonable force of a police officer, by failing to intervene to stop former Officer Derek Chauvin's use of unreasonable force. Count Three charges all three defendants with acting under color of law to willfully deprive

---

[1] Defendant Chauvin pleaded guilty to Count One on December 15, 2021.

2

Mr. Floyd of the right, secured by the United States Constitution, to be free from a police officer's deliberate indifference to his serious medical needs, by seeing Mr. Floyd lying on the ground in clear need of medical care, and willfully failing to aid him. The Indictment further alleges that both offenses resulted in bodily injury to and the death of Mr. Floyd.

## II. Argument

### A. Defendant Lane's volunteering photographs and video and Defendant Kueng's volunteering and family-and-pets photographs are inadmissible.

On January 6, 2022, counsel for defendant Lane emailed to the government the following potential exhibits: four photographs of defendant Lane volunteering and one video clip of defendant Lane receiving an MPD award for doing so. The same day, counsel for defendant Kueng emailed to the government the following potential exhibits: one photograph of defendant Kueng smiling in a field (titled "Alex in field"); three photographs of defendant Kueng, at various ages, with his family members; three photographs of what appears to be defendant Kueng volunteering some unknown number of years ago; and one photograph of defendant Kueng kissing a puppy. The government moves to exclude these photographs and video because they are not evidence of a pertinent character trait, not in the form of opinion or reputation testimony, and not proper habit evidence. Additionally, any probative value is substantially outweighed by the danger of unfair prejudice.

The photographs and video are not relevant to a "pertinent trait," as Rule 404(a)(2)(A) requires. That Lane and Kueng have volunteered and that Kueng has kissed a puppy makes it no more or less likely that they willfully failed to provide medical aid to

3

Mr. Floyd on May 25, 2020, or that Kueng willfully failed to intervene to stop Chauvin's unlawful force, as the Indictment alleges.

Even if the photographs and video were relevant to a pertinent trait, they are inadmissible because they do not take the form of "testimony about the person's reputation" or "testimony in the form of an opinion" as Rule 405(a) requires. Fed. R. Evid. 405(a). A defendant's character is not an essential element to a charge or defense under 18 U.S.C. § 242. *See United States v. Krug*, No. 14-CR-102S, 2016 WL 7045937, at *3 (W.D.N.Y. Dec. 2, 2016) (ruling that defendant-officer's purported "respect and protection of the Constitution" was not a relevant character trait in a § 242 prosecution); *United States v. Dellinger*, No. CR-13-00065, 2013 WL 5929946, at *3 (D. Ariz. Nov. 5, 2013) (ruling that evidence of how the defendant-officer "does his job" was not a relevant character trait in a § 242 prosecution). Thus, it may not be proved by specific instances of conduct under Rule 405(b). *See United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983); Fed. R. Evid. 405 Advisory Comm. Notes on Proposed Rules ("When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion.").

Likewise, even if they were relevant, the photographs and video do not constitute habit evidence pursuant to Federal Rule of Evidence 406. Rule 406 provides: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. As to defendant Kueng's family-and-pets photographs, there is no discernible habit to be gleaned from his smiling as a child with his

4

family members or kissing a puppy. As to defendant Lane's photographs and video and defendant Kueng's volunteering photographs, showing that they have volunteered in the past and that Lane has been recognized for doing so, does not meet the threshold to constitute evidence of a habit. *See, e.g.*, Fed. R. Evid. 406 Advisory Comm. Notes on Proposed Rules ("A habit . . . is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn. . . ."); *United States v. Jones*, No. 14-cr-148 (SRN/LIB), 2015 WL 1020811, at *2 (D. Minn. Mar. 9, 2015) (admitting evidence pursuant to Rule 406 that the victim "frequently and regularly fell asleep with a lit cigarette when she was inebriated," and that this occurred two or three times per week for over 15 years) (internal quotation marks omitted).

Finally, this Court should exclude the photographs and video under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *see* Fed. R. Evid. 404 Advisory Comm. Notes on Proposed Rules ("Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man [and] to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.") (internal quotation marks omitted). The photographs and video showing that defendants Kueng and Lane have volunteered and that Kueng has family members and a pet are irrelevant, improper, and highly prejudicial. Such proposed exhibits are a transparent bid for jury nullification, and the government respectfully asks this Court

to "block defense attorneys' attempts to serenade [the] jury with the siren song of nullification." *United States v. Sepulveda*, 15 F.3d 1161, 1990 (1st Cir. 1993); *see also United States v. Mayer*, No. 19-cr-0096-WMW/HB, 2021 WL 2434121, at *5 (D. Minn. June 15, 2021) (collecting cases holding that evidence and argument calculated to induce jury nullification or likely to have that effect are irrelevant, improper, and highly prejudicial).[2]

### B. Defendants Thao and Kueng's positive performance reviews are inadmissible.

Both defendants Thao and Kueng's January 6, 2022, exhibit lists include their performance reviews. In particular, Thao lists two 2018 Annual Performance Appraisals and one 2019 Annual Performance Appraisal on his exhibit list, and Kueng lists his Recruit Officer Performance Evaluation ("ROPE") and a field training task evaluation. The government moves to exclude these performance reviews because they are not evidence of pertinent traits of character and, even if they were, they do not take the form of reputation or opinion testimony as required. Fed. R. Evid. 404-05.

As discussed above, the Federal Rules of Evidence allow a party to introduce evidence of pertinent traits of character, Fed. R. Evid. 404(a), through, in this context, "testimony as to reputation or by testimony in the form of an opinion," Fed. R. Evid. 405(a)-(b). Which is to say: evidence of specific acts that form the basis for that opinion or reputation is not admissible. *See United States v. Gregg*, 451 F.3d 930, 935 (8th Cir.

---

[2] The government has filed a separate motion to preclude the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect. ECF No. 149.

2006); *see also* Fed. R. Evid. 405 Advisory Comm. Notes on Proposed Rules ("The express allowance of inquiry into specific instances of conduct on cross-examination in subdivision (a) and the express allowance of it as part of a case in chief when character is actually in issue in subdivision (b) contemplate that testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness to character.").

By operation of these rules, evidence of any positive performance review or evaluation, award, or good act supporting a character witness's perception of a defendant as a good police officer is inadmissible because it is not evidence of a pertinent character trait and does not take the required form of opinion or reputation testimony. *See, e.g.*, *United States v. Navedo-Ramirez*, 781 F.3d 563, 569 (1st Cir. 2015) (affirming exclusion of defendant-officer's performance evaluations, reasoning that "the character trait that the evaluations purport to show—general competence at her job as a police officer" was not pertinent to the charges); *United States v. Brown*, 503 F. Supp. 2d 239, 243 (D.D.C. 2007) (excluding evidence of a defendant-officer's commendations because they are "neither opinion nor reputation testimony and accordingly are more akin to specific instances of conduct" barred by Rule 405); *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (per curiam) (holding that the trial court properly excluded evidence of a defendant-officer's awards and commendations); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a defendant-officer's awards and commendations); *United States v. Warren*, No. 10-154, 2010 WL 4668345, at *3 (E.D. La. Nov. 4, 2010) (excluding evidence of defendant-officer's rescue missions during Hurricane Katrina as "inadmissible evidence of specific instances of

7

conduct"). Likewise, three performance appraisals (as to Thao) or one to two evaluations (as to Kueng) fail to constitute habit evidence under Federal Rule of Evidence 406. Accordingly, defendants Thao and Kueng's positive performance evaluations are inadmissible.

Additionally, this Court should exclude the positive performance reviews under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. These proposed exhibits are yet another attempt at jury nullification because they invite the jury to use the defendants' prior good performance as a way to somehow excuse the unrelated, unlawful conduct charged in the Indictment.

### C. Defendant Kueng's SurveyMonkey is inadmissible.

Defendant Kueng's January 6, 2022, exhibit list also includes a "Survey Monkey," which defense counsel emailed to the government. The SurveyMonkey is a 138-page document that appears to be anonymous field training officers' responses to questions in a survey about MPD's field training program. The government moves to exclude the SurveyMonkey as inadmissible hearsay and as irrelevant.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted, Fed. R. Evid. 801(c), and it is not admissible unless a federal statute, the federal rules of evidence, or the Supreme Court provides otherwise, Fed. R. Evid. 802. Here, it is the government's understanding that defendant Kueng seeks to offer the anonymous, out-of-court statements within the SurveyMonkey to prove the truth of the matter they assert—that is, to prove the truth of criticisms about the field training program generally, or about field training officers or recruits. In other words, because "the proffered [statements]

8

would only have [the] desired effect if in fact the statements were true," they are "being offered for the truth of the matter asserted." *United States v. Love*, 521 F.3d 1007, 1009 (8th Cir. 2008) (alterations and internal quotation marks omitted). Thus, the SurveyMonkey is inadmissible hearsay. *See, e.g.*, *United States v. Sadler*, 234 F.3d 368, 372 (8th Cir. 2000) (upholding the exclusion of defense witness testimony on the basis of hearsay); *Meder v. Everest & Jennings, Inc.*, 637 F.2d 1182, 1186-88 (8th Cir. 1981) (reversing and remanding for new trial where contents of police report read to the jury were hearsay and appellees failed to justify any exception to the hearsay rule).

Further, there is no indication that any of the defendants knew about the content of the anonymous survey at the time of the offense. Accordingly, the SurveyMonkey is also inadmissible because it is irrelevant: it does not have any tendency to make a fact of consequence more or less probable than it would be without the SurveyMonkey. Fed. R. Evid. 401, 402.

### IV. Conclusion

WHEREFORE, the government respectfully requests this Court exclude: photographs and a video clip of defendant Lane volunteering and receiving an award for doing so, and photographs of defendant Kueng spending time with family, volunteering, and kissing a puppy, as inadmissible under Federal Rules of Evidence 404, 405, 406, and 403; Thao and Kueng's positive performance reviews as inadmissible under Rules 404, 405, 406, and 403; and Kueng's SurveyMonkey as inadmissible under Rules 802 and 402.

| | |
|---|---|
| Dated: January 13, 2022 | Respectfully submitted, |
| CHARLES J. KOVATS, JR.<br>Acting United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| *s/*<br>BY: Manda M. Sertich<br>Assistant United States Attorney<br>Attorney No.: 4289039 NY | *s/*<br>BY: Samantha Trepel<br>Special Litigation Counsel<br>Attorney No.: 992377 DC |