UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| v. | ) | OPPOSITION TO DEFENSE MOTION |
| | ) | TO EXCLUDE |
| 4.  THOMAS KIERNAN LANE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its undersigned attorneys, requests this Court deny Defendant Lane's motion to exclude (ECF No. 205-06) for the reasons below.

### A. Still images from video evidence

Defendant Lane moves to exclude still images—from body-worn camera, a street camera, and bystander cell-phone recordings—as cumulative and unfairly prejudicial under Federal Rule of Evidence 403.   ECF Nos. 205 at 1-2; 206 at 1 (Gov. Exs. 6, 8, 10, 13, 15, 22, 26, 29, 36-38).

These still images merely capture what happens when "pause" is pressed on the video evidence the defense has already agreed is admissible.   Far from being a "needless" presentation of "cumulative evidence," Fed. R. Evid. 403, the use of certain key still images—rather than repeatedly pulling up the underlying video evidence and navigating back and forth to pause at a precise moment at issue—will streamline the trial.   The still images—photos of a frame of the admissible video—do not risk unfair prejudice and are

necessary to call attention to particular actions of the officers or events that are crucial to the government's case.   *See* 1 Fed. Evid. § 4:15 (3d ed.) ("When proof offered on a point is different in character or persuasive impact from other proof, the former is not merely cumulative of the latter.").   For example, Gov. Exhibit 6L, included below, is a still image—taken from Lane's body-worn camera—of Chauvin and Kueng continuing to apply a wrist hold after Mr. Floyd lost a pulse.   The still image will allow law enforcement witnesses to explain to the jury how and why the wrist hold was inconsistent with policy and training, and it will allow medical witnesses to explain how additional downward pressure in this location further restricted Mr. Floyd's ability to breathe.   Still images of admissible video are routinely admitted in trial and permit parties to quickly and efficiently display exhibits to the jury.



*Gov. Exhibit 6L*

Accordingly, the government respectfully requests the Court deny Defendant Lane's motion to exclude the still images.

**B. Side-by-side video evidence**

Next, Defendant Lane moves to exclude the side-by-side presentation of video evidence—in particular, side-by-side body-worn camera and bystander cell-phone recordings; surveillance video and bystander cell-phone recordings; and body-worn camera with other body-worn camera—as cumulative and unfairly prejudicial under Federal Rule of Evidence 403.   ECF Nos. 205 at 1-2; 206 at 1 (Gov. Exs. 21, 23-25, 27-28, 30-35).   In particular, Lane argues that he "was not able to view the incident from all of the cameras," and he was not "able to hear all of what was said" captured on various recordings.   ECF No. 206 at 1.

The government has already addressed the same argument made by Defendant Kueng in its consolidated response motion *in limine*.   *See* ECF No. 188 at 27-31.   As discussed further below, the side-by-side videos are both highly probative and a way to present video evidence more efficiently.   These side-by-side video exhibits, which the government has provided to the Court, are merely two original videos synched up to the same time, that play side-by-side, with the audio output from one video.   These exhibits show the same events from different camera perspectives, like any security system in a home, bank, or business.   Further, to assuage the defense's previously raised concerns, the government has removed from its exhibit list all exhibits that played a defendant's body-worn camera video paired with the video and audio from a bystander's cell-phone recording.

The side-by-side exhibits will facilitate the jury's understanding of the events at issue while *avoiding* undue delay and the cumulative presentation of evidence.   For

example, Defendant Kueng checked Mr. Floyd's pulse four times.   Some pulse checks can be seen only on Defendant Kueng's body-worn camera; some only on Lane's body-worn camera.   The side-by-side video of the two body-worn cameras eliminates the need to repeatedly flip back and forth between the two videos.   As another example, side-by-side video of Defendant Thao's body-worn camera and a bystander cell-phone recording will orient the jury and avoid the need to repeatedly alternate between the two separate video exhibits.   In particular, the side-by-side video—as the below screenshot shows—will allow the jury to understand both the perspective from Defendant Thao's body-worn camera and how Thao's body and face were positioned at critical moments, such as the below moment, when Thao asked Mr. Floyd, "What are you on?" and Mr. Floyd responded, "I can't breathe—please, the knee on my neck."



*Gov. Ex. 28* (side-by-side Thao body-worn camera and bystander recording; the speaker symbol identifies the audio as Thao's).

The side-by-side videos are highly probative of key elements of the offenses, and this high probative value is not substantially outweighed by the danger of unfair prejudice. "Evidence is not unfairly prejudicial simply because it harms the defendant's case; it becomes unfair only if it tends to suggest decision on an improper basis." *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008) (internal quotation marks omitted).   The mere playing of two videos at the same time is far from novel, has high probative value, does not risk unfair prejudice, and will allow a significantly more efficient presentation of evidence. *See, e.g.*, *United States v. Ruiz*, 446 F.3d 762, 771 (8th Cir. 2006) (finding video compilations from drug sting "more helpful to the jury by making it easier for them to see the government's evidence against each defendant individually"); *United States v. Logwood*, 853 Fed. App'x 47, 48 (8th Cir. 2021) (affirming use of two sets of "asynchronous" video recordings during drug conspiracy and distribution trial).

Accordingly, the government respectfully requests the Court deny Defendant Lane's motion to exclude the side-by-side video exhibits.

**C.  Dispatch and 911 calls**

Finally, Defendant Lane moves to exclude a recording of a call made from a dispatcher to an MPD sergeant during the incident and two 911 calls made by bystanders approximately 3 minutes after Mr. Floyd was loaded into the ambulance.   ECF Nos. 205 at 1-2; 206 at 1 (Gov. Exs. 40-42).   Defendant Lane argues that the 911 calls are hearsay and "n[o]t emergency calls" because the police were on scene; he provides no legal basis for excluding the dispatcher call.   ECF No. 206 at 1.

The dispatcher and 911 calls are admissible under the present-sense-impression and excited-utterance exceptions to the hearsay rule, as already addressed in the government's trial brief.   ECF No. 180 at 22-24.   That the defendant-officers were on scene does not render the calls non-emergent; the calls were made to report the *defendants'* actions.   For the reasons already set forth in the government's trial brief, the government respectfully requests the Court deny Defendant Lane's motion to exclude the dispatcher and 911 calls.

### III.   <u>Conclusion</u>

WHEREFORE, the government respectfully requests the Court deny Defendant Lane's motion to exclude.


Dated: January 19, 2022                    Respectfully submitted,


Charles J. Kovats, Jr.                     KRISTEN CLARKE
Acting United States Attorney              Assistant Attorney General
                                           Civil Rights Division

*/s/ LeeAnn Bell*
BY:   LEEANN K. BELL                       */s/ Samantha Trepel*
Acting U.S. Attorney                       BY:   SAMANTHA TREPEL
Attorney ID No. 0318334                    Special Litigation Counsel
                                           Attorney ID No. 992377 DC