UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S MOTION FOR |
| v. | ) PUBLIC AND VICTIM ACCESS TO |
| | ) COURTROOM PROCEEDINGS |
| 2. TOU THAO, | ) |
| 3. J. ALEXANDER KUENG, and | ) |
| 4. THOMAS KIERNAN LANE, | ) |
| | ) |
| Defendants. | ) |

The United States of America, by and through its undersigned attorneys, hereby moves the Court to unseal any portion of the hearing scheduled for 10:00 a.m. on January 21, 2022, that deals with the admissibility of evidence, specifically Defendants' motions to exclude certain evidence. *See* ECF Nos. 154, 205, 206; Government's responses at ECF Nos. 188 at 27-31, 210.

At the end of the day on January 20, 2022, the Court instructed the parties to be prepared at 10:00 a.m. the following day for a hearing on defense motions to exclude certain evidence: (1) still images of videos of the events of May 25, 2020, that the United States will offer as evidence; (2) side-by-side exhibits that play two videos at the same time; and (3) a dispatch call made by J.S. during, and 911 calls made by G.H. and D.W. approximately 3 minutes after, the events of May 25, 2020. Later that evening, the parties received notice from the Court that the hearing on January 21, 2022, would be held under seal and that no one other than the parties would be allowed in the courtroom. The Court

indicated that the hearing should be held under seal because the parties would be reviewing evidence that may be shown during the hearing but not ultimately admitted at trial. No party moved for the hearing to be sealed.

In order to close a courtroom, a Court must ensure that four factors are satisfied: (1) the party seeking to close a public hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make findings adequate to support the closure. *Waller v. Georgia*, 467 U.S. 39, 48 (1984). These factors have not been considered on the record nor have any findings been made.

In a criminal case, a hearing must be public absent an "overriding interest" in sealing it. *See Waller*, 467 U.S. at 45, 48, 50 (holding that sealing a pretrial suppression hearing violated the Sixth Amendment when the district court made only "broad and general" findings that failed to justify closure of the hearing, and reversing and remanding for further proceedings, including a new suppression hearing). An error in closing a courtroom may even be a structural error, requiring that the case be reversed even if the defendant was not prejudiced by the closure. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017) (recognizing that "a violation of the right to a public trial is a structural error"); *United States v. Thunder*, 438 F.3d 866, 868 (8th Cir. 2006) (overturning conviction where district court granted government's motion to close the courtroom during alleged sexual abuse victims' testimony with no hearing nor particularized findings).

Additionally, by statute, the government must ensure victim access to hearings as

appropriate.  Pursuant to the Crime Victims' Rights Act, victims have a "right not to be excluded from any [] public court proceeding" involving the crime.  18 U.S.C.A. § 3771(a)(3).  In this instance, the victim's family has a right to be in attendance and hear the argument of the parties and the rulings of the Court, particularly when the matters addressed involve an important part of the government's presentation of its case-in-chief.  In fact, family members or representatives of family members of the victim planned to attend the hearing on Friday before learning of the closure.

To address any concern the Court has that the hearing may involve the playing or showing of inadmissible evidence, there is nothing about the parties' arguments related to the motions to exclude evidence that necessitates sealing.  None of the exhibits that will be played or shown at the hearing contain inadmissible evidence.  Indeed, it is undisputed by the parties that each of the videos comprising the combined video exhibits and still images are relevant and admissible.  Defendants have moved to exclude synched videos because of the government's proposal for displaying the videos, not their content.  The videos merely combine portions of two original videos that ***the parties have already agreed*** are admissible.  The same applies to the still images—they are simply screen shots (essentially photos) of the original videos that the parties have already agreed are admissible.  Thus, everything that will be played or shown—in terms of content—the parties agree may be played and shown at trial.[1]

---

[1] The dispatch and 911 calls to which Defendant Lane objects, ECF No. 205, need not be played during the hearing.

Public access to trials is a cornerstone of our democracy. *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that anyone is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."). Due to the "vital public interest in open judicial proceedings," government attorneys cannot consent to the closure of any judicial proceeding without the express prior authorization of the Deputy Attorney General. *See* 28 C.F.R. § 50.9. For all the reasons set forth herein, the United States respectfully requests that the hearing proceed tomorrow morning with the same public and victim access that will available for the rest of the trial.

Dated: January 20, 2022                           Respectfully submitted,

CHARLES J. KOVATS, JR.                            KRISTEN CLARKE
Acting United States Attorney                     Assistant Attorney General
                                                  Civil Rights Division

*/s/ LeeAnn Bell*                                 */s/ Samantha Trepel*
BY:  LEEANN K. BELL                               BY:  SAMANTHA TREPEL
Assistant U.S. Attorney                           Special Litigation Counsel
Attorney ID No. 0318334                           Attorney ID No. 992377 DC