UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) GOVERNMENT'S BRIEF IN ) RESPONSE TO DEFENDANT ) LANE'S *GARRITY* OBJECTION |
| 4. THOMAS KIERNAN LANE, | ) ) ) |
| Defendant. | ) |

The United States of America, by and through its undersigned attorneys, responds to defendant Lane's objection to the United States eliciting testimony from an MPD homicide investigator about an on-scene statement by defendant Lane.

I. **Background**

A video recording of defendant Lane's statement is already in evidence. *See* Gov. Ex. 5 (beginning at timestamp 21:57:10). In addition, defendant Lane has had this statement in his possession since the United States provided it in its first round of discovery on July 20, 2021. Today, defendant Lane raises for the first time via email—the day before the United States intends to call the homicide investigator as a trial witness—the unsupported objection that Lane's statement was compelled in violation of *Garrity v. New Jersey*, 385 U.S. 493 (1967). Defendant Lane's objection should be overruled (1) because his on-scene statement was not *Garrity*-compelled—in other words, he was not forced when making the statement to decide between speaking to an investigator or losing his job;

(2) because he has failed to meet his burden of establishing that his on-scene statement was *Garrity*-compelled; and (3) because he has waived argument that his on-scene statement was *Garrity*-compelled.

Defendant Lane made the statement in question to Lt. Richard Zimmerman on May 25, 2020, at 9:57 p.m., when Lt. Zimmerman arrived at the intersection of 38th Street and Chicago Avenue and asked defendant Lane, "what's going on?" Defendant Lane's statement is captured on his body-worn camera, which has already been admitted into evidence as Government Exhibit 5 without objection and pursuant to the parties' stipulation. Defendant Lane never moved to suppress the statement prior to trial or prior to its admission into evidence.

## II. <u>Legal Analysis</u>

In *Garrity*, the Supreme Court held that statements made by public employees compelled by threat of termination are not voluntary waivers of the Fifth Amendment privilege against self-incrimination. *Id.* at 497. As such, statements compelled from public employees cannot be used against the speaker in criminal proceedings. *Id.*

First, *Garrity* protections do not apply to defendant Lane's on-scene statement to Lt. Zimmerman because it was a routine statement to a supervisor, not a compelled statement to an internal investigator. "*Garrity* immunity" applies only to compelled statements. Courts have routinely held that the compulsion must be explicit, and courts have strictly defined compulsion as a stark choice between making a statement or being terminated—a stark choice "between the rock and the whirlpool." *Id*. at 498. The Eighth Circuit has made clear that *Garrity* is inapplicable where "there is no showing that [the

2

public employee] must either answer questions which might incriminate him in future criminal proceedings or forfeit his job." *Diebold v. Civil Serv. Comm'n*, 611 F.2d 697, 701 (8th Cir. 1979). In *Diebold*, a public employee sought to have his employer enjoined from holding a dismissal appeal hearing until after a parallel criminal case against the employee concluded. 611 F.2d at 698. The Eighth Circuit held that the employee's dilemma—either to participate in the administrative dismissal hearing "as the sole means of contesting the loss of his job," or to "remain silent while the administrative commission hears evidence of his criminal conduct, and virtually guarantee the loss of his job"—was constitutionally permissible and did not run afoul of *Garrity*. *Id.* at 698, 701. In particular, the Eighth Circuit emphasized that the situation in which *Garrity* protections apply is "an entirely different factual situation," because "[t]here exists here no requirement that [the employee] waive his immunity under the fifth amendment. Nor is there a threat that he will be fired simply for invoking that privilege." *Id.* at 701. *See also United States v. Bartlett*, No. 06-cr-273, 2007 WL 1830726, at *1-2 (E.D. Wisc. June 22, 2007) (determining that *Garrity* did not apply where the public employee failed to show that a threat "was communicated to him that if he exercised his right against self-incrimination he would be disciplined").

Routine statements to supervisors are not *Garrity*-compelled statements absent specific statements that *actually* threaten the employee with the loss of their job. Responses to general questions from supervisory officers who arrive on the scene are not compelled by virtue of the supervisory officers' rank or position. *See, e.g.*, *United States v. Indorato*, 628 F.2d 711, 715 (1st Cir. 1980) (holding that "there was no overt threat that defendant

3

would be dismissed if he refused to answer the questions asked," rejecting defendant's argument that a threat was "implied," and holding in particular that the fact that police department's policies required an officer to obey commands of a superior officer did not render defendant-officer's statements to a lieutenant and captain *Garrity*-compelled).

Second, defendant Lane has failed to establish that *Garrity* protections apply to his on-scene statement. It is the defendant's burden to establish that his statement was compelled under the meaning of *Garrity*. *See McKinley v. City of Mansfield*, 404 F.3d 418, 431 (6th Cir. 2005) (party alleging Fifth Amendment violation has burden to "show that the statements are legally entitled to Fifth Amendment protection in the first place"); *see also Pillsbury Co. v. Conboy*, 459 U.S. 248, 255 (1983) (holding that burden shifts to prosecutors once defendant has established he has testified under grant of immunity). For the defendant to meet his burden, he has to demonstrate both (1) that he subjectively believed that he was compelled to give a statement upon threat of job loss, and (2) that his belief was objectively reasonable at the time. *See United States v. Vangates*, 287 F.3d 1315, 1322 (11th Cir. 2002) (holding that for a statement to be *Garrity*-protected: "First, the defendant must have subjectively believed that he was compelled to give a statement upon threat of loss of job. Second, this belief must have been objectively reasonable at the time the statement was made.") (internal quotation marks omitted).

Defendant Lane cannot meet his burden. When MPD conducts administrative investigations and compels statements from employees, it requires them to sign explicit *Garrity* waivers. Two months before the May 25, 2020 incident, Defendant Lane had signed such a waiver when he provided a witness statement in an unrelated administrative

4

matter.  *See* Ex. 1 (attached).  He therefore could not have had an objectively reasonable, subjective belief that his statement to Lt. Zimmerman—in response to the question, "what's going on?"—was compelled at the time that he made it.  *Compare* Gov. Ex. 5 at 21:57:10 (Q: "Hey guys, what's goin' on?") *with* Def. Lane Previous IA Statement at Ex. 1 (attached) at 1-2 ("Q: You are being ordered to give a complete and truthful statement pertaining to the scope of your employment or fitness for duty.  It is compelled . . . it is a compelled statement pursuant to MPD Policy and Procedure.  Under the *Garrity* Decision, any statement provided in this investigation cannot be used in a criminal proceeding against you, except in the case of alleged perjury.  However, these statements may be used against you in relation to employment allegations.  Do you understand this warning?  A: Yes, sir.").

Finally, defendant Lane has waived any argument that his statement to Lt. Zimmerman was compelled both by failing to raise it earlier and by stipulating that the statement could be admitted into evidence.  That statement is now in evidence, and Lt. Zimmerman should be permitted to testify about it.

### III. Conclusion

Accordingly, the United States requests that this Court permit Lt. Zimmerman to testify about defendant Lane's on-scene statement and overrule any *Garrity*-related objections raised by defendant Lane as to that statement.

Dated: January 30, 2022

Charles J. Kovats, Jr.
Acting United States Attorney

*/s/ LeeAnn Bell*
BY: LEEANN K. BELL
Acting U.S. Attorney
Attorney ID No. 0318334

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Samantha Trepel*
BY: SAMANTHA TREPEL
Special Litigation Counsel
Attorney ID No. 992377 DC