UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S MOTION TO |
| v. | ) COMPLETE THE RECORD |
| | ) |
| 2. TOU THAO, | ) |
| 3. J. ALEXANDER KUENG, and | ) |
| 4. THOMAS KIERNAN LANE, | ) |
| | ) |
| Defendants. | ) |

The United States of America, by and through its undersigned attorneys, hereby moves the Court to afford the Government the opportunity to complete the record. At the conclusion of testimony on February 9, 2022, counsel for Defendant Lane represented to this Court that the Government had violated a pre-trial order related to witness sequestration. At the end of the trial day, the Government attempted to make a record of the parties' agreement regarding sequestration, but the Court denied the request. Accordingly, the Government requests this Court permit the Government to complete the record.

In preparation for trial, the parties negotiated a number of trial matters. One such trial matter included an agreement on the applicability of Federal Rule of Evidence 615— The Rule of Sequestration. Rule 615 provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding . . . a person whose presence a party shows to be essential to presenting the party's claim or defense. . . .

Fed. R. Evid. 615.  In particular, "[t]he category [of exclusion exception for 'a person whose presence a party shows to be essential'] contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation."  Fed. R. Evid. 615 Advisory Comm. Notes on Prop. Rules (citing 6 Wigmore §1841, n. 4); *see also, e.g.*, 3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 6:109 (4th ed. 2019) ("Experts are perhaps the most likely candidates for this exemption."); 1 Kenneth S. Brown, *McCormick on Evidence* § 50 (7th ed. 2013) ("A strong argument can also be made for permitting the presence of an expert witness who intends to give an opinion based in part on evidence presented at trial."); *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978) ("[T]he presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury.").

On December 27, 2021, the parties met at length in an attempt to address this and other trial issues for the Court.[1]  The parties agreed that the parties' experts would be exempt from sequestration pursuant to Rule 615.  In order to render their opinions, the experts in this case were all provided prior statements of various relevant witnesses, videos

---

[1] The government and counsel for Defendants Kueng and Thao met in person. Counsel for Defendant Lane was not able to appear in person, but was aware that the government was seeking to exempt expert witnesses from sequestration.

of the death of George Floyd and other materials. This was in keeping with Rule 615 and is necessary because the experts needed to understand the complete facts in order to reach their opinions.

On January 4, 2022, following up on that meeting between counsel for the parties, the Government emailed defense counsel a list of trial matter agreements decided during the December 27, 2021, meeting. *See* Ex. 1 (redacted) attached hereto. Specifically, the email listed a number of agreements, including, "The parties agreed that experts are exempt from general sequestration and may be present during testimony and/or receive transcripts/updates."[2]

This agreement was reinforced on January 6, 2022, when the Government filed its trial brief. ECF No. 180 at 25—Gov't Trial Brief (attached hereto as Gov't Ex. 2). In the trial brief and pursuant to the agreement on December 27, 2021, the Government notified the Court of the parties' agreement regarding expert witnesses, namely to "have expert witnesses present in the courtroom during trial, or to be permitted to summarize for the witnesses the testimony of other witnesses." ECF No. 180 at 25—Gov't Trial Brief (attached hereto as Gov't Ex. 2). Although defense counsel has filed various pretrial and trial submissions since January 6, 2022, no counsel objected to this representation and Rule 615 request and the Government in good faith has proceeded accordingly.

On February 9, 2022, despite this agreement, counsel for Defendant Lane informed the Court that the Government had violated the sequestration order during Dr. Vik

---

[2] This agreement applied only to pure expert witnesses. The Government has not provided any trial statements to witnesses noticed as mixed fact and opinion witnesses.

3

Bebarta's testimony. Counsel for Defendant Lane insisted "the last witness or the witness still on the stand testified that he read Derek Smith's trial testimony from last week. That's a violation of the sequestration order, clearly a violation, and he used that in preparation for this trial[…]." TT at 2266-67. Counsel for Defendant Lane then moved to strike all of Dr. Bebarta's expert testimony. *Id.* Contrary to the parties' agreement as documented in the January 4, 2022 email and the Government's January 6, 2022 trial brief, Counsel for Defendant Lane advised that Court that "experts can be excluded from the sequestration order to hear another expert, but not to read the facts of the case." *Id*. at 2268.

The Government informed the Court of the parties' agreement, and the Court denied the motion to strike, but noted its concern about "bolstering the testimony of one witness by the testimony of another witness."[3] *Id*. at 2268. Counsel for Defendants Kueng and Thao did not advise the Court and correct the record by referencing the parties' pretrial agreement. Prior to the Court's recess, the Court admonished the Government. TT at 2319-20. The Government sought an opportunity to complete the record by referencing the agreement between the parties, but was denied. *Id.*

The Government's attached exhibits make clear that the parties had in fact reached a pretrial agreement that experts would not be sequestered. In light of this agreement, the

---

[3] To be clear, it was counsel for Defendant Lane who asked Dr. Bebarta about Derek Smith's trial testimony on cross-examination. TT at 2264-65. The Government has not impermissibly bolstered the testimony of any witness in this case. In any event, Dr. Berbarta's review of Smith's testimony was harmless here, since Derek Smith provided similar or the same statements in a May 29, 2020 interview; in an August 4, 2020, interview; and in a March 31, 2021, interview, and Dr. Bebarta listed those statements as having been reviewed in Appendix A to his report (items 20, 21, and 46(h)).

4

Government was operating in good faith and should be permitted the opportunity to complete the record.

      WHEREFORE, the government requests the Court complete the record.

Dated: February 10, 2022                              CHARLES J. KOVATS, JR.
                                                          Acting United States Attorney

                                                          */s/ LeeAnn Bell*
                                                          BY:   LEEANN K. BELL
                                                          Assistant U.S. Attorney
                                                          Attorney ID No. 0318334