1                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA

2

3    -----------------------------------------------------------
                    )
  United States of America,   )  File No. 21-cr-108

4                      )             (PAM/TNL)
        Plaintiff,         )

5                      )
  v.                          )

6                      )
  Tou Thao(2),                )  Courtroom 7D

7    J. Alexander Kueng(3), and  )  St. Paul, Minnesota
  Thomas Kiernan Lane(4),     )  Wednesday February 23, 2022

8                      )  9:06 a.m.
        Defendants.        )

9                      )
  -----------------------------------------------------------

10

11

12          BEFORE THE HONORABLE PAUL A. MAGNUSON
       UNITED STATES DISTRICT COURT SENIOR JUDGE

13

14        **(JURY TRIAL PROCEEDINGS - VOLUME XXI)**

15

16

17

18

19

20

21

22

23

24

25      Proceedings recorded by mechanical stenography;
  transcript produced by computer.

```
 1     APPEARANCES:

 2       For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                                 BY:  ALLEN A. SLAUGHTER, JR.
 3                                    LEEANN K. BELL
                                      MANDA M. SERTICH
 4                               300 South 4th Street, #600
                                 Minneapolis, MN 55415
 5
                                 DEPARTMENT OF JUSTICE
 6                               CIVIL RIGHTS DIVISION
                                 BY:  SAMANTHA TREPEL
 7                               150 M Street NE
                                 Washington, D.C. 20530
 8
         For Defendant           ROBERT M. PAULE, PA
 9       Tou Thao:               BY:  ROBERT M. PAULE
                                 920 2nd Avenue South, #975
10                               Minneapolis, MN 55402

11                               PAULE LAW PLLC
                                 BY:  NATALIE PAULE
12                               5100 West 36th Street
                                 P.O. Box 16589
13                               Minneapolis, MN 55416

14       For Defendant           LAW OFFICE OF THOMAS C. PLUNKETT
         J. Alexander Kueng:     BY:  THOMAS C. PLUNKETT
15                               101 East 5th Street, #1500
                                 St. Paul, MN 55101
16
         For Defendant           EARL GRAY DEFENSE
17       Thomas Kiernan Lane:    BY:  EARL P. GRAY
                                 332 Minnesota Street, #W1610
18                               St Paul, MN 55101

19       Court Reporter:         RENEE A. ROGGE, RMR-CRR
                                 United States District Courthouse
20                               300 South 4th Street, Box 1005
                                 Minneapolis, MN 55415
21

22

23

24

25
```

**IN OPEN COURT**

**(JURY PRESENT)**

1

2

3    THE COURT:  Good morning, everyone, and welcome

4    back.  People got through the greasy-skid stuff this morning

5    and here we are.  It's a good thing it's Minnesota; we're

6    used to it.

7    Okay.  Members of the jury, the instructions that

8    I gave you at the beginning of the trial and during the

9    trial remain in effect.  And I'll give you some additional

10   instructions.

11   You must, of course, continue to follow the

12   instructions that I gave you earlier, as well as those I

13   give you now.  You must not single out some instructions and

14   ignore others, because all are important.  This is true even

15   though some of those I gave you at the beginning of the

16   trial or during the trial are not repeated here.

17   The instructions that I am about to give you now

18   are in writing and will be available to you in the jury

19   room.  I emphasize, however, that this does not mean that

20   they are more important than my earlier instructions.

21   Again, all instructions, whenever given and whether in

22   writing or not, must be followed.

23   It is your duty to find from the evidence what the

24   facts are.  You will then apply the law, as I give it to

25   you, to those facts.  You must follow my instructions on the

1    law, even if you thought the law was different or should be

2    different.

3            Do not allow sympathy or prejudice to influence

4    you.  The law demands of you a just verdict, unaffected by

5    anything except the evidence, your common sense and the law

6    as I give it to you.

7            Now I mentioned the word "evidence."  The

8    "evidence" in the case consists of the testimony of the

9    witnesses, the documents and other things received as

10   exhibits, the facts that have been stipulated, that is,

11   formally agreed to by the parties.

12           You may use reason and common sense to draw

13   deductions or conclusions from facts which have been

14   established by the evidence in the case.

15           Certain things are not evidence.  I'll list those

16   things again for you now.

17           1.  Statements, arguments, questions and comments

18   by lawyers representing the parties in the case are not

19   evidence.

20           2.  Objections are not evidence.  Lawyers have a

21   right to object when they believe something is improper, and

22   you should not be influenced by the objection.  If I

23   sustained an objection to a question, you must ignore the

24   question and must not try to guess what the answer might

25   have been.

1     3.   Testimony that I struck from the record or

2  told you to disregard is not evidence and must not be

3  considered.

4     4.   Anything you saw or heard about the case

5  outside of the courtroom is not evidence.

6     Finally, if you were instructed that some evidence

7  was received for a limited purpose only, you must follow

8  that instruction.

9     Now, some of you may have heard the terms "direct

10  evidence" and "circumstantial evidence."  You are instructed

11  that you should not be concerned with those terms.  The law

12  makes no distinction between direct and circumstantial

13  evidence.  You should give all evidence the weight and value

14  you believe it is entitled to receive.

15     In deciding what the facts are, you may have to

16  decide what testimony you believe and what testimony you do

17  not believe.  You may believe all of what a witness said or

18  only part of it or none of it.

19     The deciding -- in deciding what testimony you

20  believe, consider the witness's intelligence, the

21  opportunity the witness had to have seen or heard things

22  testified about, the witness's memory, any motives that

23  witness may have for testifying a certain way, the manner of

24  the witness while testifying and whether that witness said

25  something different at an earlier time, the general

1   reasonableness of the testimony and the extent to which the

2   testimony is consistent with any evidence that you believe.

3          In deciding whether or not to believe a witness,

4   keep in mind that people sometimes hear or see things

5   differently and sometimes forget things.  You need to

6   consider therefore whether a contradiction is an innocent

7   misrecollection or a lapse of memory or an intentional

8   falsehood, and that may depend on whether it has to do with

9   an important fact or only a small detail.

10          You should judge the testimony of the defendants

11   in the same manner as you judge the testimony of any other

12   witness.

13          The testimony of a witness may be discredited or,

14   as we sometimes say, impeached by showing that he previously

15   made statements which are different than or inconsistent

16   with his or her testimony here in court.  The earlier

17   inconsistent or contradictory statements are admissible only

18   to discredit or impeach the credibility of the witness and

19   not to establish the truth of those earlier statements made

20   somewhere other than here during this trial.  It is the

21   province of the jury to determine the credibility of a

22   witness who has made prior inconsistent or contradictory

23   statements.

24          If a person is shown to have knowingly testified

25   falsely concerning any important or material matter, you

 1    obviously have a right to distrust the testimony of such an

 2    individual concerning other matters.  You may reject all of

 3    the testimony of that witness or give it such weight or

 4    credibility as you may think it deserves.

 5          Now, you've heard testimony from persons described

 6    as experts.  Persons who, by knowledge, skill, training,

 7    education or experience, have become expert in some field

 8    may state their opinions on matters in that field and may

 9    also state the reasons for their opinions.

10          Expert testimony should be considered just like

11    any other testimony.  You may accept it or reject it and

12    give it as much weight as you think it deserves, considering

13    the witness's education and experience, the soundness of the

14    reasons given for the opinion, the acceptability of the

15    methods used and all other evidence in the case.

16          The government and the defendants have stipulated,

17    that is, they have agreed, that certain facts are as counsel

18    have stated.  You should therefore treat those facts as

19    having been proved.

20          The indictment in this case charges two different

21    crimes.  There is no Count 1 of this indictment.

22          Count 2 charges the defendants Tou Thao and

23    J. Alexander Kueng deprived George Floyd of his right to be

24    free of unreasonable seizure.  Specifically, Count 2 alleges

25    that Defendants Thao and Kueng willfully failed to intervene

1    to stop Mr. Chauvin's use of unreasonable force.  Count 2

2    charges that this offense resulted in bodily injury to and

3    the death of George Floyd.

4           Count 3 charges that defendants Tou Thao,

5    J. Alexander Kueng and Thomas Kiernan Lane deprived George

6    Floyd of his right to be free of deliberate indifference to

7    his serious medical needs.  Specifically, Count 3 alleges

8    that defendants saw George Floyd lying on the ground in

9    clear need of medical care and willfully failed to aid

10   Mr. Floyd, thereby acting with deliberate indifference to a

11   substantial risk of harm to Mr. Floyd.  Count 3 charges that

12   this offense resulted in bodily injury to and the death of

13   George Floyd.

14          Each defendant has pled not guilty to each of

15   these charges.

16          The indictment is simply the document that

17   formally charges the defendants with the crimes for which

18   they are on trial.  The indictment is not evidence.  At the

19   beginning of the trial I instructed you that you must

20   presume the defendants to be innocent.  Thus, the defendants

21   began the trial with a clean slate, with no evidence against

22   them.

23          The presumption of innocence alone is sufficient

24   to find each defendant not guilty of each count.  This

25   presumption can be overcome as to each charge only if the

1     government proved during the trial beyond a reasonable doubt

2     each element of that charge.

3            Keep in mind that you must give separate

4     consideration to the evidence about each individual

5     defendant.  Each defendant is entitled to be treated

6     separately, and you must return a separate verdict for each

7     defendant.  Also, keep in mind that you must consider

8     separately each crime charged against each individual

9     defendant and you must return a separate verdict for each of

10    those crimes charged.

11           There is no burden upon a defendant to prove that

12    he is innocent.  Instead, the burden of proof remains on the

13    government throughout the trial.

14           Reasonable doubt is doubt based upon reason and

15    common sense and not doubt based on speculation.  A

16    reasonable doubt may arise from careful and impartial

17    consideration of all of the evidence or from a lack of

18    evidence.  Proof beyond a reasonable doubt is proof of such

19    a convincing character that a reasonable person, after

20    careful consideration, would not hesitate to rely and act

21    upon that proof in life's most important decisions.  Proof

22    beyond a reasonable doubt is proof that leaves you firmly

23    convinced of the defendant's guilt.  Proof beyond a

24    reasonable doubt does not mean proof beyond all possible

25    doubt.

1          Count 2 charges Defendants Thao and Kueng with

2     deprivation of civil rights under color of law.  The crime

3     of deprivation of civil rights, as charged in Count 2 of the

4     indictment, has four essential elements, which are:

5          One, the defendant deprived George Floyd of a

6     right, privilege or immunity secured by the Constitution or

7     laws of the United States.  I'll describe the right involved

8     in Count 2 in another instruction;

9          Two, the defendant acted willfully, that is, the

10     defendant committed such act with a bad purpose or improper

11     motive to disobey or disregard the law, specifically

12     intending to deprive the person of that right;

13          Three, the defendant acted under color of law; and

14          Four, George Floyd suffered bodily injury and/or

15     died as a result of the defendants' conduct.

16          If all of these elements have been proved beyond a

17     reasonable doubt as to a defendant, you must find that

18     defendant guilty of the crime charged in Count 2.

19     Otherwise, you must find that defendant not guilty of the

20     crime charged in Count 2.

21          The first element of Count 2 requires the

22     government to prove beyond a reasonable doubt that the

23     defendant deprived George Floyd of a right secured by the

24     United States Constitution.

25          Count 2 specifically charges that defendants Tou

1    Thao and J. Alexander Kueng deprived George Floyd of the

2    right to be free from an unreasonable seizure, which

3    includes the right to be free from the use of unreasonable

4    force by a police officer and the related duty of other

5    officers to intervene to stop the use of unreasonable force

6    if they have knowledge of the force and the means to

7    intervene.  You are instructed that this right is one

8    secured by the Constitution of the United States.

9          To find the defendant violated Mr. Floyd's right

10   to be free from a police officer's use of unreasonable force

11   by failing to intervene, you must find the following:

12         One, that Derek Chauvin used objectively

13   unreasonable force against Mr. Floyd;

14         Two, that the defendant observed or otherwise knew

15   that unreasonable force was being used against Mr. Floyd;

16         Three, that the defendant had the opportunity and

17   means to intervene to stop the unreasonable force; and

18         Four, that the defendant failed to take reasonable

19   steps to do so.

20         To determine whether Derek Chauvin used

21   unreasonable force against George Floyd, you must evaluate

22   whether the force was objectively unreasonable in light of

23   the facts and circumstances as judged from the perspective

24   of a reasonable officer on the scene, without the benefit of

25   20/20 hindsight.  When making this determination, you should

1    consider all the facts and circumstances, including the

2    relationship between the need for the use of force and the

3    amount of force used; the extent of George Floyd's injuries;

4    the effort, if any, made by the defendant to temper or to

5    limit the amount of force used; the severity of the crime or

6    security problem, if any, at issue on the scene; whether

7    George Floyd posed an immediate threat to the safety of the

8    officers or others; and whether George Floyd was actively

9    resisting or attempting to evade arrest.  You must consider

10   whether a reasonable officer on the scene would have used

11   the same force under similar circumstances, and you should

12   keep in mind that the decision about how much force to use

13   often must be made in circumstances that are tense,

14   uncertain and rapidly changing.

15           If you find that Derek Chauvin used unreasonable

16   force on George Floyd, you must then determine whether the

17   defendant acted unconstitutionally in failing to act to stop

18   that force.  It violates the Constitution for a police

19   officer to stand by and allow the unreasonable use of force

20   to occur in his presence if that officer had the opportunity

21   to stop the use of force.  This means that if an officer

22   knows that a fellow officer is using unreasonable force and

23   has the opportunity to stop that officer from using such

24   force, he has a constitutional obligation to do so.

25           In order to find that any defendant failed to

1    intervene in violation of the Constitution, you must find

2    that the defendants saw Derek Chauvin use force, that the

3    defendant recognized that the use of such force was

4    unreasonable, that the defendant had a realistic opportunity

5    to prevent further harm from occurring and that the

6    defendant chose not to do so.  If the defendant took

7    reasonable actions to stop the unreasonable force, he has

8    not violated the Constitution merely because the steps he

9    took were ultimately unsuccessful.

10           To make this determination, you should consider

11   all of the facts and circumstances.  You must consider the

12   evidence separately as to Defendant Thao and Defendant

13   Kueng.

14           If you find that Derek Chauvin used unreasonable

15   force against George Floyd, that the defendant had a

16   realistic opportunity to intervene to stop the use of force

17   and that the defendant did not attempt to do so, then you

18   must find that defendant deprived George Floyd of his right

19   under the Constitution.  Otherwise, you must find that the

20   defendant did not deprive George Floyd of this right.

21           Count 3 charges defendants Thao, Kueng and Lane

22   with deprivation of civil rights under color of law.  The

23   crime of deprivation of civil rights, as charged in Count 3

24   of the indictment, has four essential elements, which are:

25           One, the defendant deprived George Floyd of a

1    right, privilege or immunity secured by the Constitution or

2    laws of the United States, specifically the right to due

3    process of law, which includes the right of a person in

4    police custody to be free from a police officer's deliberate

5    indifference to his serious medical needs;

6         Two, the defendant acted willfully, that is, the

7    defendant committed such act with a bad purpose or improper

8    motive to disobey or disregard the law, specifically

9    intending to deprive the person of that right;

10        Three, the defendant acted under color of law; and

11        Four, George Floyd suffered bodily injury and/or

12    died as a result of the defendants' conduct.

13        All of these elements have been proved beyond --

14    sorry.  If all of these elements have been proved beyond a

15    reasonable doubt as to a defendant, you can find that

16    defendant guilty of the crime charged in Count 3.

17    Otherwise, you must find that defendant not guilty of the

18    crime charged in Count 3.

19        Count 3 charges defendants Tou Thao, J. Alexander

20    Kueng and Thomas Lane deprived Mr. Floyd of his right to due

21    process of law, which includes the right of a person in

22    police custody to be free from a police officer's deliberate

23    indifference to his serious medical needs.  You are

24    instructed that this right is one secured by the United

25    States Constitution.

1        The first element of Count 3 requires the

2    government to prove beyond a reasonable doubt that the

3    defendant deprived George Floyd of this right.  To find that

4    any defendant deprived Mr. Floyd of the right to be free

5    from deliberate indifference to his serious medical needs,

6    you must find:

7        One, that Mr. Floyd had an objectively serious

8    medical need;

9        Two, that the defendant actually knew that

10   Mr. Floyd had a serious medical need; and

11       Three, that the defendant disregarded that medical

12   need by failing to take reasonable measures to address it.

13       A serious medical need is one that has been

14   diagnosed by a physician as requiring treatment or one that

15   is so obvious that even a layperson would easily recognize

16   the necessity for a doctor's attention.  You must consider

17   the evidence separately as to each defendant.

18       If you find that the government has proved these

19   elements beyond a reasonable doubt, you must find that the

20   first element of the offense charged in Count 3 is satisfied

21   as to that defendant.  Otherwise, you must find that this

22   element is not satisfied.

23       The second element of Counts 2 and 3 requires the

24   government to prove beyond a reasonable doubt that the

25   defendant acted willfully, that is, with a bad purpose and

1    improper motive.  To find that any defendant acted

2    willfully, it is not necessary for you to find the defendant

3    knew the specific constitutional provision or federal law

4    that his conduct violated.  You may find that the defendant

5    acted willfully even if you find that he had no real

6    familiarity with the Constitution or with the particular

7    constitutional right involved.  However, you must find that

8    the defendant had a specific intent to deprive the person of

9    a right protected by the Constitution or federal law.

10            The crimes charged in this case require proof of

11   specific intent before the defendant can be convicted.

12   Specific intent, as the term implies, means more than the

13   general intent to commit the act.  To establish specific

14   intent, the government must prove the defendant knowingly

15   did an act which the law forbids, purposely intending to

16   violate the law.  Such intent may be determined from all of

17   the facts and circumstances surrounding the case.

18            The third element of Counts 2 and 3 require the

19   government to prove beyond a reasonable doubt that defendant

20   was acting under color of law.  The parties have stipulated

21   that they have -- that is, that they have agreed, that the

22   defendants were acting under color of law during the events

23   in question.  You must therefore consider the third element

24   as proved.

25            The final element of Counts 2 and 3 requires the

1  government to prove beyond a reasonable doubt that the

2  offense resulted in bodily injury to and/or the death of

3  George Floyd.  The government need not prove beyond a

4  reasonable doubt that both bodily injury and death resulted

5  from the defendant's conduct, but in order to find that the

6  fourth element of the offense is established, you must

7  unanimously agree that the government has proved one or both

8  results.  You must consider the evidence separately as to

9  each defendant.

10       "Bodily injury" means (A) a cut, abrasion, bruise,

11  burn or disfigurement; (B) physical pain; (C) illness; (D)

12  impairment of a function of a bodily member, organ, mental

13  faculty; or (E) any other injury to the body, no matter how

14  temporary.  The government need not prove that the defendant

15  intended for Mr. Floyd to suffer injury.

16       Because Counts 2 and 3 both charge that

17  Mr. Floyd's death resulted from the charged offense, if you

18  find a defendant guilty of one or more counts, you must also

19  determine if the government has proven beyond a reasonable

20  doubt that Mr. Floyd died as a result of that offense.  But

21  the government need not prove that the defendant intended

22  for the victim to die.  The government must prove that the

23  victim's death was a foreseeable result of the defendant's

24  willful deprivation of the victim's constitutional rights.

25       Willfulness, intent or knowledge may be proved

1    like anything else.  You may consider any statements made

2    and acts done by the defendant and all the facts and

3    circumstances in evidence which may aid in a determination

4    of the defendant's willfulness, knowledge or intent.

5            You may, but are not required to, infer that a

6    person intends the natural and probable consequences of acts

7    knowingly done or knowingly omitted.

8            You have heard evidence of the training each

9    defendant received.  This evidence has been admitted for a

10   limited purpose.  You may use it only to determine whether

11   any defendant acted willfully, that is, with a bad purpose,

12   to violate a right protected by the Constitution of the

13   United States.  It is, of course, wholly up to you to

14   determine whether any defendant acted inconsistently with

15   his training.

16           I caution you that an instance of inappropriate

17   behavior on the part of a police officer does not

18   necessarily rise to the level of a federal constitutional

19   violation.  It is possible for a law enforcement officer to

20   act contrary to the officer's training, without violating

21   the United States Constitution, just as it is possible for

22   an officer to violate the Constitution without acting

23   inconsistently with his training.

24           In other words, if you determine that any

25   defendant acted contrary to the training he received, you

1    should consider that evidence only in determining whether

2    the defendant acted willfully and not consider this evidence

3    in determining whether his actions violated the Constitution

4    in the first instance.

5         Certain charts and summaries have been shown to

6    you in order to help explain the facts disclosed by the

7    books, records or other underlying evidence in the case.

8    These charts or summaries are used for convenience.  They

9    are not themselves evidence or proof of any facts.  If they

10   do not correctly reflect the facts shown by the evidence in

11   the case, you should disregard these charts and summaries

12   and determine the facts from the books, records or other

13   underlying evidence.

14        You have heard testimony about the character and

15   reputation of the defendants.  You may consider that

16   evidence along with all of the other evidence in the case.

17        I didn't need to read that twice.

18        In conducting your deliberations and returning

19   your verdict, there are certain rules that you must follow.

20   And I'll list those rules for you now.

21        First, when you go to the jury room, you must

22   select one of your members as your foreperson.  That person

23   will preside over your discussion and speak for you here in

24   court.

25        Second, it is your duty as jurors to discuss this

4166

1    case with one another in the jury room.  You should try to

2    reach agreement if you can do so without violence to

3    individual judgment, because the verdict, whether guilty or

4    not guilty, must be unanimous.

5         Each of you must make your own conscientious

6    decision, but only after you have considered all of the

7    evidence, discussed it fully with your fellow jurors and

8    listened to the views of your fellow jurors.

9         Do not be afraid to change your opinion if the

10   discussion persuades that you should, but do not come to a

11   decision simply because other jurors think it is right or

12   simply to reach a verdict.

13        Third, if any defendant is found guilty, the

14   sentence to be imposed is my responsibility.  You may not

15   consider punishment in any way in deciding whether the

16   government has proved its case beyond a reasonable doubt.

17        Fourth, if you need to communicate with me during

18   your deliberations, you may send a note to me through the

19   court security officer, signed by one or more jurors.  I

20   will respond as soon as possible, either in writing or

21   orally in open court.  Remember that you should not tell

22   anyone, including me, how your votes stand numerically.

23        Fifth, your verdict must be based solely on the

24   evidence and on the law that I have given you in my

25   instructions.  The verdict, whether guilty or not guilty,

```
 1    must be unanimous.  Nothing I have said or done is intended

 2    to suggest what your verdict should be.  That's entirely for

 3    you to decide.

 4            Finally, the verdict forms are simply the written

 5    notice of the decision that you reach in the case.  The

 6    forms read as follows, and there are three forms in the

 7    matter.

 8            The first of these forms is United States of

 9    America, plaintiff, versus Tou Thao, defendant.  Verdict

10    Form.  Question 1, We, the jury, find the defendant Tou

11    Thao, and a blank with the parenthesis of the words "guilty"

12    or "not guilty," of deprivation of rights under color of law

13    as charged in Count 2 of the indictment.  When the jury has

14    reached a unanimous verdict as to that question, your

15    foreperson will insert either the word "guilty" or "not

16    guilty" on the line provided.

17            And then sort of like when you put the kids' swing

18    set together, when all else fails, read the directions.  And

19    the directions are:  If you find defendant Tou Thao guilty

20    of Count 2, then answer the following question.  If you find

21    the defendant Tou Thao not guilty as to Count 2, skip to

22    question 3.

23            Then question 2 is, if you're answering this

24    question, We, the jury, unanimously find that the offense

25    charged in Count 2 resulted in the death of George Floyd.
```

1    And then there is a space for a "yes" or a "no."  And when

2    you've reached -- if you are answering this question, if you

3    reached a unanimous verdict, your foreperson will check

4    either "yes" or "no."

5              And then question 3, which you will answer, We,

6    the jury, find the defendant Tou Thao, again a blank and a

7    space for "guilty" or "not guilty," of deprivation of rights

8    under color of law as charged in Count 3 of the indictment.

9    When you've reached a unanimous verdict as to that question,

10   your foreperson will write in the words "guilty" or "not

11   guilty."

12             And then again the direction:  If you find

13   defendant Tou Thao guilty as to Count 3, then answer the

14   following question.  If you find defendant Tou Thao not

15   guilty as to Count 3, your deliberations are complete.  Have

16   your foreperson sign and date the form.

17             Now, if you're answering question 4, We, the jury,

18   unanimously find that the offense charged in Count 3

19   resulted in the death of George Floyd, again the space for a

20   "yes" or a "no."  And when you reach a unanimous verdict as

21   to question no. 4, if you are answering that question, your

22   foreperson will mark the appropriate spot for the "yes" or a

23   "no."

24             When you've reached a unanimous verdict as to all

25   the questions that you are answering on this verdict form,

1    your foreperson will fill in the date and your foreperson

2    will sign the verdict form.

3           We then turn to the next verdict form, which is

4    United States of America versus J. Alexander Kueng.

5    Count 2, deprivation of rights under the color of law,

6    failure to intervene.  Instruction:  Write in "not guilty"

7    or "guilty" to the blank space below.  We, the jury,

8    unanimously find the defendant J. Alexander Kueng, now

9    there's a blank space, of the crime of deprivation of rights

10   under color of law as charged in Count 2 of the indictment.

11   Now, when you reach a unanimous decision as to this

12   question, your foreperson will fill in the form "guilty" or

13   "not guilty" as to that question.

14          Then after that there is the instruction.  If you

15   find defendant J. Alexander Kueng guilty as to Count 2, then

16   check "yes" or "no" below.  Otherwise, skip to Count 3.

17          And then the question is, We, the jury,

18   unanimously find that the offense charged in Count 2

19   resulted in the death of George Floyd with a "yes" or a

20   "no."  If you are answering that question, it will be marked

21   when you reach a unanimous verdict as to that question.

22          We then turn to Count 3, deprivation of rights

23   under color of law, deliberate indifference.  The

24   instruction is to write "not guilty" or "guilty" in the

25   blank space below.  And then the question is, We, the jury,

1    unanimously find the defendant J. Alexander Kueng, with a

2    space to write the words "guilty" or "not guilty," of the

3    crime of deprivation of rights under color of law as charged

4    in Count 3 of the indictment.  When you've reached a

5    unanimous verdict as to that question, your foreperson will

6    write in the appropriate words of "guilty" or "not guilty"

7    as to -- on the blank provided.

8         Then follow the instruction.  If you find

9    defendant J. Alexander Kueng guilty as to Count 3, then

10   check "yes" or "no" below.  Otherwise, skip the question and

11   sign and date the verdict form.

12        And then if you're answering that final question,

13   We, the jury, unanimously find that the offense charged in

14   Count 3 resulted in the death of George Floyd, answer "yes"

15   or "no" and -- if you're answering that question.

16        And then, finally, when you have reached a

17   unanimous verdict to all the questions that you are

18   answering, your foreperson will date and sign the verdict

19   form as to J. Alexander Kueng.

20        Then, finally, in the matter of the United States

21   of America versus Thomas Kiernan Lane.  Count 3, deprivation

22   of rights under color of law, deliberate indifference.  The

23   instruction is, Write "not guilty" or "guilty" on the blank

24   space below.  We, the jury, unanimously find the defendant

25   Thomas Kiernan Lane, and then the blank for writing in the

1    words "not guilty" or "guilty," of the crime of deprivation

2    of rights under color of law as charged in Count 3 of the

3    indictment.  When you've reached a unanimous verdict as to

4    that question, your foreperson will fill in the words of

5    "not guilty" or "guilty."

6            And then when you completed that, if you find

7    defendant Thomas Kiernan Lane guilty of Count 3, then check

8    "yes" or "no" below.  Otherwise, skip the question and sign

9    and date the verdict form.

10           And then, We, the jury, unanimously find the

11   offense charged in Count 3 resulted in the death of George

12   Floyd with the words "yes" or "no," upon you reaching a

13   unanimous verdict, if you are answering the question.  And

14   when you've answered the question that you are answering on

15   that verdict form with a unanimous decision, you will date

16   and your foreperson will sign the verdict form and return to

17   open court.

18           Take these forms to the jury room; and when each

19   of you has agreed on the verdict, your foreperson will fill

20   in the form, sign and date it, and advise the court security

21   officer that you're ready to return to the courtroom.

22           Counsel, may we have a sidebar conference, please?

23       **(At sidebar)**

24           THE COURT:  Counsel, may the record reflect that

25   the court has considered all previously submitted

1      instructions, whether orally or in writing, and has

2      determined these instructions in accordance with those

3      instructions that have just been read and maintains its

4      decision accordingly.

5              Is there anything further to come to our

6      attention?

7              MS. BELL:  No, Your Honor.

8              MR. ROBERT PAULE:  Your Honor, Robert Paule.  The

9      only thing I would ask is that when the court was reading

10     the verdict forms and when it read Mr. Thao's verdict, it

11     started with guilty or not guilty.  And the other verdict

12     forms started with not guilty or guilty.  I'd just ask that

13     those be made consistent, if they are not.

14             THE COURT:  Counsel, your point is well-taken.  I

15     have just discovered -- I hadn't done this before -- I've

16     just discovered that the verdict form that I read was a

17     previously drafted verdict form that we had drafted in my

18     office.  It is not -- and I did not read the form that had

19     been drafted by you.

20             If you don't mind, I would substitute the form

21     that you drafted, which the language is virtually exactly

22     the same, I'll substitute the form that you drafted and

23     present it to the jury simply because that would give

24     uniformity.

25             MR. ROBERT PAULE:  I think that's --

1          THE COURT:  Any objection to doing that?

2          MR. ROBERT PAULE:  No.  I think that's

3     appropriate, Your Honor.

4          THE COURT:  Okay.

5          MS. BELL:  That's fine, Your Honor.

6          THE COURT:  Okay.  Anything further?

7          MR. GRAY:  No, Your Honor.

8          THE COURT:  If not, we will swear the marshal.

9     And before I do that, I will, I will send the alternates

10    out.  I'm not going to release the alternates, but I will

11    send them out.  And then we will swear the marshal, and let

12    them commence deliberations.  Thank you.

13         MR. GRAY:  Thank you.

14       **(In open court)**

15         THE COURT:  First of all, the two of you as

16    alternates, I'm going to ask that you step out at this

17    point, go to the jury room, get any personal effects that

18    you might have, come back to my office, and I'd like to chat

19    with you for a few minutes.  I am not releasing you from

20    potential obligations with respect to the case at this time,

21    but as alternates you may step out at this point.  Thank you

22    very much.

23         (Alternate jurors exit the courtroom.)

24         THE COURT:  Then, members of the jury, you will be

25    released momentarily to commence your, you will be released

1    momentarily to commence your deliberations.

2            When you step out, you will not have immediately

3    all of the exhibits with respect to the matter simply

4    because they need to be inventoried and double-checked to

5    make sure that we've got the right exhibits coming to you.

6    And at that point they will come to you for your

7    consideration.

8            In addition to that, a representative of the IT

9    department is here, and they will come to your deliberation

10   room to show you how to be tech savvy for watching exhibits

11   that are in electronic form.  Some will be in electronic

12   form; some will be in paper.  And I have to quickly tell you

13   that there's no difference in the exhibits.  They're equally

14   important whether they're in electronic form or in paper

15   form.

16           Also, at the time that you get these, because we

17   caught a typo on the verdict forms, you won't get the

18   verdict forms right now.  You will get them in just a few

19   minutes.

20           And, finally, over here we have copies of the

21   instructions that I've just read.  This is the original set

22   of the instructions, but there are additional copies of the

23   instructions for each of you.

24           And with that, if the marshal would come forward

25   to be sworn, we will do that duty and then you can commence

1     your deliberations.

2             You do solemnly swear that you will, unless

3     otherwise ordered by the court, keep this jury committed to

4     your charge together in some safe and convenient place, that

5     you will permit no one to make any communication with them,

6     nor make any yourself, except to ask them if they have

7     agreed upon a verdict, nor will you disclose the verdict,

8     nor the state of their deliberations, until they are

9     returned into court and are discharged by order of the

10    court, so help you God.

11            COURT SECURITY OFFICER:  I do.

12            THE COURT:  Okay.  Thank you.  And with that, I'll

13    give you the instructions and copies of the instructions.

14            And the jury may be excused at this time to

15    commence your deliberations.

16    (9:53 a.m.)

17                        **IN OPEN COURT**

18                      **(JURY NOT PRESENT)**

19            THE COURT:  Okay.  I now have, Ms. Paule, the -- I

20    have a blank sheet of paper too, but I think I have your

21    exhibit list here, and we'll fill that in.

22            Counsel, I'm going to ask that you please review

23    the exhibits.  Make sure that we have all exhibits that have

24    been appropriately received.  Make sure that we have them

25    either in paper or in electronic form, and I think it makes

4176

1    no great difference whichever we have them in one or the

2    other.

3              And with that, I would believe that we can stand

4    in recess.  Okay.

5              MR. GRAY:  Do you know if they will be

6    deliberating till 5, 6 or --

7              THE COURT:  Till about 5 o'clock.

8              MR. GRAY:  All right.  Thank you, judge.

9              THE COURT:  To defense counsel, the government's

10   got an office here in the building, but how long does it

11   take you to get here with your clients?

12             MR. GRAY:  Are you looking at me or --

13             THE COURT:  I'm looking at any and all of you.

14             MR. ROBERT PAULE:  Your Honor, if I could address

15   it.  I think once we receive notice we should be able to

16   have our -- we should be in the building within about

17   15 minutes.

18             THE COURT:  Okay.  Let's plan that.  From about

19   15 minutes from the time that, that we receive notice that

20   there will be a verdict, we will gather for that.

21             There may be some motions that need to come to the

22   attention of the court at this time too.  Should we hear any

23   of those?  Are there any that are appropriate at this point?

24             MS. BELL:  I don't believe so, Your Honor.

25             THE COURT:  Okay.  Nothing from the defense?

1    Okay.

2              MR. GRAY:  Have you decided my motions real quick

3    yet, Your Honor?

4              THE COURT:  No, I've not.

5              MR. GRAY:  Okay.

6              THE COURT:  Okay.

7              MR. PLUNKETT:  Your Honor, I was just going to

8    make the final record on -- if I may.

9              THE COURT:  Certainly.

10             MR. PLUNKETT:  Thank you, Your Honor.  Throughout

11   the trial I've marked the record at several points in time.

12             THE COURT:  You can be seated.  There's no -- you

13   don't have to stand.

14             MR. PLUNKETT:  The record has been marked at

15   several points in time, and I think that early on in the

16   trial, a month ago, you know, we were making motions for,

17   you know, a new trial.  On a routine basis I think I told

18   the court, well, I'm just going to keep marking the record.

19   We've done that.  All of the defense attorneys have done

20   that at various times.  And so at this point I'm remaking my

21   motion for a mistrial.

22             THE COURT:  Okay.  Well, there have been motions

23   for mistrial.  There have been motions for prosecutorial

24   misconduct.  I think that's the type of thing that either

25   should be submitted in writing, and I'm going to give you

1    ten days to do that or they would be waived.  If they do

2    come forward in written form, the government will then have

3    a week after that to respond, and defense would have another

4    week for a reply brief, if that becomes appropriate.

5            And I think I will leave it to your discretion,

6    once you actually look at the transcript and make the

7    decisions, with respect to each of those two subjects.

8            MR. PLUNKETT:  Thank you, Your Honor.

9            THE COURT:  Okay.  Let's let you go ahead and work

10   on getting the agreement, and let me have just a few minutes

11   with Mr. Thao's exhibit list here to see what we can come up

12   with.

13           Okay.  With your permission, we've copied your

14   verdict form that you'd agreed to and we will send it to the

15   jury.

16           MR. PLUNKETT:  Your Honor, at this time I'm going

17   to excuse myself from the court.  I'm going to run to my

18   office and bring back some of the exhibits to give to the

19   jury.

20           THE COURT:  Oh, okay.

21           MR. PLUNKETT:  Thank you.

22           (Court adjourned at 10:00 a.m., 02/23/2022.)

23           I, Renee A. Rogge, certify that the foregoing is a
     correct transcript from the record of proceedings in the
24   above-entitled matter.

25                       Certified by:  /s/Renee A. Rogge
                                        Renee A. Rogge, RMR-CRR